IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEARREA KING,**

      **Plaintiff,**

  v.                          Civil Action 2:18-cv-1060
                                  Chief Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Elizabeth P. Deavers

**CITY OF COLUMBUS,** *et al.,*

      **Defendant.**

## SCHEDULING ORDER

Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **VACATES** the Pretrial Conference scheduled for October 25, 2018 at 11:30 a.m. and **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties shall make initial disclosures by **NOVEMBER 30, 2018**.

VENUE AND JURISDICTION

There are no issues related to venue or jurisdiction.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by **DECEMBER 14, 2018**.

ISSUES

This case arises out of the September 14, 2016 police-involved shooting of Tyre King. Plaintiff alleges that Defendant Bryan C. Mason (a police officer with the Columbus Division of Police) used excessive force during the incident and unreasonably caused King's death. She asserts federals claim against Officer Mason, Columbus Police Chief Kimberley Jacobs, and the City of Columbus under 42 U.S.C. § 1983. Plaintiff also asserts state-law claims for wrongful death against Defendants. Plaintiff has made a jury demand.

Defendants generally deny liability. With respect to Plaintiff's federal claims, Officer Mason and Chief Jacobs assert qualified immunity, among other things. The City asserts, *inter alia*,

both the absence of an underlying constitutional violation and the absence of any improper or unlawful municipal practice, policy or custom upon which to base a municipal-liability claims. With respect to Plaintiff's state-law claim, Defendants assert, among other things, statutory immunity under Ohio Revised Code §§ 2744.01–2744.11.

DISCOVERY PROCEDURES

All discovery shall be completed by **SEPTEMBER 13, 2019**.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.

The parties anticipate the production of ESI in this case. Counsel for all parties have participated in similar cases in the past and have exchanged ESI without encountering the difficulties peculiar to ESI discovery. As such, the parties have not developed any formal protocol for the production of ESI. If any dispute involving ESI production develops in this case, counsel will attempt to jointly develop a mutually-agreeable ESI production before seeking the Court's assistance with such a dispute.

DISPOSITIVE MOTIONS

Any dispositive motion shall be filed by **OCTOBER 11, 2019.**

EXPERT TESTIMONY

Primary expert reports due by **APRIL 26, 2019**.  Rebuttal expert reports due by **JULY 5, 2019**. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)C), unless otherwise agreed to by the parties.  Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff will make a settlement demand by **APRIL 5, 2019**.  Defendant will respond by **MAY 3, 2019**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference during this Court's September 2019 settlement week.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the beginning of settlement week.  The parties understand that they will be expected to comply fully with the settlement week orders which require *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

None.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

    **IT IS SO ORDERED**.


Date:  October 19, 2018                            */s/ Elizabeth A. Preston Deavers*
                                                            ELIZABETH A. PRESTON DEAVERS
                                                            UNITED STATES MAGISTRATE JUDGE