IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEARREA KING,**

      **Plaintiffs,**

  v.                                      Civil Action 2:18-cv-1060
                                           Chief Judge Edmund A. Sargus, Jr.
                                           Chief Magistrate Judge Elizabeth P. Deavers

**CITY OF COLUMBUS,** *et al.*,

      **Defendants.**

## PRELIMINARY PRETRIAL ORDER

This matter came before the Court on March 14, 2019 at 10:00 a.m. at the First Pretrial Conference pursuant to notice and in accordance with Rule 16 of the Federal Rules of Civil Procedure. Counsel appeared as follows:

For Plaintiff(s):

Sean Walton.

For Defendant(s):

Andrew Miller, Westley Phillips and Timothy Mangan for City of Columbus, Bryan Mason and Chief Kim Jacobs.

Third-Party Defendants Demetrius Braxton, Jaronn Collins, AB , and PR were served with copies of their summonses and the third-party complaint on November 19–21, 2018. See EXECUTED SUMMONSES (ECF No.20–23.)  They have failed to plead or otherwise defend in this cause. The Clerk entered default against them on February 11, 2019 (ECF No. 25.)  Given their failure to appear in this case, either pro se or through counsel, they were not included in the meeting that produced the Rule 26(f) Report.  They did not otherwise appear for the preliminary pretrial conference.

The following matters were considered:

INITIAL DISCLOSURES

Initial disclosures were exchanged on **DECEMBER 4, 2018**.

VENUE AND JURISDICTION

There are no contested issues related to venue or jurisdiction.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by **APRIL 26, 2019**.

ISSUES

This case arises out of the September 14, 2016 police-involved shooting of Tyre King. Plaintiff alleges that Defendant Bryan C. Mason (a police officer with the Columbus Division of Police) used excessive force during the incident and unreasonably caused King's death. She asserts federals claim against Officer Mason, Columbus Police Chief Jacobs, and the City of Columbus under 42 U.S.C. § 1983. Plaintiff also asserts state-law claims for wrongful death against Defendants. Plaintiff has made a jury demand.

Defendants generally deny liability. With respect to Plaintiff's federal claims, Officer Mason and Chief Jacobs assert qualified immunity, among other things. The City asserts, *inter alia*, both the absence of an underlying constitutional violation and the absence of any improper or unlawful municipal practice, policy or custom upon which to base a municipal-liability claims. With respect to Plaintiff's state-law claim, Defendants assert, among other things, statutory immunity under Ohio Revised Code §§ 2744.01–2744.11.

On November 13, 2018, Defendants asserted third-party claims for contribution and/or indemnity from Third-Party Defendants Demetrius Braxton, Jaronn Collins, AB, and PR. (R.9 #43–71). As Third-Party Plaintiffs, Defendants allege Plaintiff's Decedent, Tyre King, along with Third-Party Defendants, jointly, knowingly, willingly participated in an armed robbery and that the September 14, 2016 police-involved shooting death of Tyre King was both a direct and foreseeable consequence of their actions.

Third-Party Defendants Demetrius Braxton, Jaronn Collins, AB, and PR were served with copies of their respective summonses and the third-party complaint on November 19–21, 2018. (R.20–23 #118–24). They have failed to plead or otherwise defend in this cause. The Clerk entered default against them on February 11, 2019. (R.25 #132).

DISCOVERY PROCEDURES

All discovery shall be completed by **DECEMBER 20, 2019**.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.

The parties anticipate the production of ESI in this case. Counsel for all parties have participated in similar cases in the past and have exchanged ESI without encountering the difficulties peculiar to ESI discovery. As such, the parties have not developed any formal protocol for the production of ESI. If any dispute involving ESI production develops in this case, counsel will attempt to jointly develop a mutually-agreeable ESI production before seeking the Court's assistance with such a dispute.

Defendants will preserve all records, items, and electronically stored information that are or could be related to Officer Bryan Mason and/or the September 14, 2016 police-involved shooting death of Tyre King. Defendants will make all reasonably diligent efforts to ensure that any such records, items, or electronically stored information are not destroyed pursuant to any automated destruction schedule during the pendency of this civil action.

DISPOSITIVE MOTIONS

Any dispositive motions shall be filed by **JANUARY 31, 2020**.

EXPERT TESTIMONY

Primary expert reports must be produced by **SEPTEMBER 13, 2019**. Rebuttal expert reports must be produced by **NOVEMBER 8, 2019**. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff shall make a settlement demand by **MAY 24, 2019**. Defendants shall respond by **JUNE 21, 2019**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference during this Court's December 2019 settlement week. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the beginning of settlement week. The parties understand that they will be expected to comply fully with the settlement week orders which require *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

a. **Demetrius Braxton as a third-party defendant**. The Clerk entered default against Braxton on February 11, 2019. (R.25 #132). He is neither a minor nor an incompetent person. Defendants are prepared to move for default judgment against him at any time. After discussion, Defendants will seek default judgment at the end of the case.

b.     **Demetrius Braxton as a witness**. Braxton is incarcerated at the Ohio Department of Rehabilitation & Correction's Lebanon Correctional Institution, 3791 State Route 63, Lebanon, Ohio, 45036 as Inmate #A731130. As a relevant witness to the incident at issue in this case, the parties wish to depose Braxton. As such, the parties will seek leave from the Court under Rule 30(a)(1)(B) to depose him. The parties will file an appropriate motion in advance of any such deposition.

c.     **Jaronn Collins as third-party defendant**. The Clerk entered default against Collins on February 11, 2019. (ECF No. 25.) Although he is now beyond the age of majority, Collins was recently found to be incompetent to stand trial in an unrelated criminal case. See State of Ohio v. Jaronn Collins, Franklin C.P. Case No. 18 CR 2271, Entry (Feb. 27, 2019). Pursuant to Rule 55(b)(2), a "default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." In light of the recent ruling raising substantial issues regarding Collins' legal competence, Defendants believe it would be prudent to appoint a representative for Collins pursuant to Rule 17(c)(2). The Court is working to secure a representative for Collins.

d.     **Jaronn Collins as a witness**. Although Collins is still listed as being held without bond by the Franklin County Sheriff's Office at the Franklin County Corrections Center II, 2460 Jackson Pike, Columbus, Ohio 43223, as Inmate #0399895, pending his criminal trial in State of Ohio v. Jaronn Collins, Franklin C.P. Case No. 18 CR 2271, the trial court in that matter has ordered that he be "placed in the Twin Valley Behavioral Healthcare, Columbus Campus, Civil Unit." Moreover, it is not altogether clear at this time whether Collins' incompetence to stand trial in his state-court criminal matter would have any bearing on his competence to testify as a witness in this matter under Fed. R. Evid. 601. The parties will postpone any deposition of Collins until after a representative has been appointed for him and has had a chance to be heard on the issue of his competence as a witness. The parties seek will leave from the Court under Rule 30(a)(1)(B) to depose Collins as a person confined in prison by filing a motion.

e.     AB     **as a third-party defendant**.     AB     is a minor. She was born on January 22, 2002, and will not be eighteen years of age until January 22, 2020. Pursuant to Rule 55(b)(2), a "default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." The Court is working to appoint a representative for AB pursuant to Rule 17(c)(2).

f.     AB     **as a witness**.     AB     is currently missing and listed by the Ohio Attorney General's Office as an endangered runaway, missing since January 30, 2019. The parties note that they wish to depose her and that her current, unpredictable status might require both patience and flexibility going forward. The parties will continue as they can without her for the time being.

g.     PR     **as a third-party defendant**.     PR     is a minor. She was born October 28, 2003, and will not be eighteen years of age until October 28, 2021. Pursuant to Rule 55(b)(2), a "default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." The Court is working to appoint a representative for PR pursuant to Rule 17(c)(2).

h.       **PR      as a witness**. The parties do not believe that there are any issues with respect to   PR   as a witness. Her whereabouts are known. She is not confined to a prison. There is no reason to question her competency.

i.       **Depositions of Third-Party Defendants**. Pursuant to Rule 30(d)(1), Plaintiff will be given one day of seven hours to depose each Third-Party Defendant and that Defendant will be given one, separate and additional, day of seven hours to depose each Third-Party Defendant.

j.       **Demetrius Braxton's Cell Phone**. Defendants are in possession of a cell phone that taken from Demetrius Braxton during his September 17, 2016 arrest. The contents of that phone have been downloaded pursuant to a warrant issued by the Franklin County Municipal Court, and Defendants are also in possession of those downloaded contents. Plaintiff is entitled to production of those contents.  Given the sensitive nature of the contents of the cellphone, Defendants will first depose Demetrius Braxton to determine whether he will concede to the facts that the video on his cellphone depicts.  Should Braxton not concede, the parties will proceed with the deposition as to other issues and return to the Court for further direction regarding production of the contents of the cellphone to Plaintiff.

k.       **Statement of Fees, Costs, Expenses**.  Beginning on March 31, 2019, and on the last day of every third month thereafter, Plaintiff shall provide to Defendants a statement showing the gross amount of attorney fees, costs, and other expenses incurred to that date. Any item for which Plaintiff will seek reimbursement under 42 U.S.C. § 1988 or other applicable law shall be included.

l.       **Motion for Protective Order.**  Defendants will file a Motion for Protective Order regarding the discovery that Plaintiff propounded to which they object as outlined in § 12.m. of their Rule 26(f) Report by **APRIL 30, 2019**.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel shall immediately object in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

**IT IS SO ORDERED.**

Date:  March 20, 2019                    */s/ Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         CHIEF UNITED STATES MAGISTRATE JUDGE