UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEARREA KING,

    Plaintiff,

v.

CITY OF COLUMBUS, OHIO, et al.,

    Defendants.

Case No. 2:18-cv-1060
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants City of Columbus,

Officer Bryan C. Mason ("Officer Mason"), and Chief of Police Kim Jacobs' ("Chief Jacobs")

(collectively "Defendants") *Motion for Partial Judgment on the Pleadings* (ECF No. 11),

Plaintiff Dearrea King's ("King") *Memorandum in Opposition* (ECF No. 18), and Defendants'

*Reply* (ECF No. 19). For the reasons set forth below, the Court **GRANTS** Defendants' *Motion*

*for Partial Judgment on the Pleadings*. (ECF No. 11).

## I.

This civil action arises from the fatal shooting of Tyre King by Officer Mason of

Columbus City Police on September 14, 2016. Pl.'s Compl. at ¶ 1 (ECF No. 1). King is the

administrator of Tyre King's estate. *Id.* at ¶ 36. King alleges five claims against Defendants, as

follows: (1) wrongful death and a survival action under 42 U.S.C. § 1983 and Ohio Revised

Code § 2125.01; (2) excessive force and unreasonable seizure in violation of 42 U.S.C. § 1983

and the Fourth and Fourteenth Amendments of the United States Constitution; (3) racial

discrimination in violation 42 U.S.C. § 1983 and the Fourteenth Amendment; (4) deliberate

indifference to a serious medical need in violation of 42 U.S.C. §§ 1983 & 1988, and the Fourth

and Fourteenth Amendments; and (5) a *Monell* claim under 42 U.S.C. § 1983. *Id.* at ¶¶ 79–127. King asserts liability against Officer Mason and Chief Jacobs in their official and individual capacities. *Id.* at ¶¶ 38–39. King asserts liability against the City of Columbus as the employer of Officer Mason and Chief Jacobs. *Id.* at ¶ 37.

II.

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S. Ct. 418, 85 L. Ed. 577 (1941); 5C Wright & A. Miller, Federal Practice and Procedure § 1368 (3d).

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). Accordingly, in reviewing a motion for judgment on the pleadings under Rule 12(c), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (quoting *Meziboy v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Conclusory allegations or legal conclusion masquerading as factual allegations will not suffice." *Id.* (citing *Meziboy*, 411 F.3d at 716).

## III.

Defendants move for partial judgment on the pleadings, arguing that most of King's claims lack any legal basis. First, Defendants argue the Court should dismiss King's official-capacity claims against Officer Mason and Chief Jacobs because those claims are duplicative of King's claims against the City of Columbus. Second, Defendants argue King's individual-capacity claims against Chief Jacobs fail because King does not allege, yet must prove under § 1983, that Chief Jacobs, as a supervisory official, was personally responsible for the unconstitutional action that caused the plaintiff's injuries. Third, Defendants assert that King's individual-capacity state-law claims against Officer Mason fail because a political subdivision's employees are personally immune to tort liability under Ohio's Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744. Fourth, Defendants contend that King's state-law claims against the City of Columbus fail because it is a political subdivision that can establish immunity under the three-tiered analysis of Ohio's Political Subdivision Tort Liability Act.

### A. King's Official-Capacity Claims Against Chief Jacobs and Officer Mason

Under her first four counts, King sues the City of Columbus, as well as Officer Mason and Chief Jacobs "individually and in [their] official capacit[ies] as employee[s] of the City of Columbus." *See* Pl.'s Compl. at ¶¶ 38, 39. King also sues Officer Mason and Chief Jacobs as "employees and/or agents of Defendant City of Columbus and acting within the course and scope of their employment … and in furtherance of the interest of Defendant City of Columbus, and with Defendant City of Columbus' consent." *See id.* at ¶¶ 81, 89, 96, 105, 111.

Regarding King's four claims against Officer Mason and Chief Jacobs as police officers, Defendants correctly note that "an official-capacity suit is, in all respects other than name, to be

treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)).

On that basis, Defendants assert that the Court has discretion to dismiss King's redundant official-capacity claims against Officer Mason and Chief Jacobs. *See* Defs.' Mot. at 3. Further, Defendants urge the Court to exercise its discretionary authority since "dismissing Plaintiff's redundant official-capacity claims would have no substantive effect as to her claims against the City itself or against Mason and Jacobs in their individual capacities." Defs.' Mot. at 3. To that end, Defendants argue, "dismissing Plaintiff's superfluous claims would be 'merely simplifying the litigation in a manner that does not cause any prejudice to Plaintiff.' " Defs.' Mot. at 3 (quoting *Johnson*, 2010 U.S. Dist. LEXIS 62597, *11–12). King did not address Defendants' arguments regarding the official-capacity claims against Officer Mason and Chief Jacobs.

The Court finds merit in Defendants' arguments. King's official-capacity claims against Officer Mason and Chief Jacobs are redundant and subsumed by the claims against the City of Columbus. Therefore, because "[t]he real party in interest in an official capacity suit is the government entity itself and not the named official," *Hafer v. Melo*, 502 U.S. 21, 25 (1991), the Court dismisses King's official-capacity claims against Officer Mason and Chief Jacobs.

## B. King's Individual-Capacity Claims Against Chief Jacobs

### 1. King's Individual-Capacity Federal Claims Against Chief Jacobs

To state a cognizable claim against an individual under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional

4

behavior. *See Murphy v. Grenier*, 406 Fed. Appx. 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"). To hold a supervisory official liable under section 1983, a plaintiff must demonstrate that the official actively engaged in some unconstitutional behavior. *Id.*; *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Therefore, a supervisor's mere failure to act is insufficient to establish supervisory liability. *Peatross v. City of Memphis*, 818 F.3d at 241. Instead, a supervisory official may only be held liable where he has "encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*

In her Complaint, King alleges four federal individual-capacity claims against Chief Jacobs, asserting:

> [Chief] Jacobs, in her role as Chief Law Enforcement officer for the City of Columbus, serves as the ultimate policymaker for the Columbus Division of Police, and had both actual and constructive knowledge of the actions of the chain of command in failing to train, supervise and discipline Officer Mason and others like [him].

Pl.'s Compl. at ¶ 76(c).

King's federal individual-capacity claims against Chief Jacobs fail for two reasons. First, King merely alleges that Chief Jacobs failed to act. Second, King's attempt to hold Chief Jacobs liable in her individual capacity for her alleged failure to adequately train, supervise, and discipline Officer Mason and other Columbus police officers or for her adherence to or continuation of policies that caused Tyre King's death "improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability." *Heyerman v. Cnty. of Calhoun*,

680 F.3d 642, 647 (6th Cir. 2012) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Phillips*, 534 F.3d at 543–44 (6th Cir. 2008) ("[w]hile an individual supervisor may still be held liable in his or her individual capacity under a failure-to-train theory, the [plaintiff] must point to a specific action of each individual to defeat a qualified immunity claim.") King has not alleged any specific actions of Chief Jacobs. Therefore, the Court dismisses King's individual-capacity federal claims against Chief Jacobs.

## 2. King's Individual-Capacity State-Law Claims Against Chief Jacobs

Defendants assert that a political subdivision's employees are personally immune to state-law tort liability under Ohio's Political Subdivision Tort Liability Act, Ohio Rev. Code Ann. § 2744. This immunity requires a two-step analysis.

First, the Court must determine whether the immunity applies to Chief Jacobs. Section 2744.03(A)(6) provides presumptive immunity to city employees in civil actions brought "to recover damages for injury, death, or loss to person or property allegedly caused by an act or omission in connection with a governmental or proprietary function." *Id.* King asserts that the City of Columbus is a political subdivision of Ohio and that Chief Jacobs acted within the course and scope of her employment as Chief of Columbus Police. *See* Pl.'s Compl. at ¶¶ 37, 39, 41. Further, all of King's allegations against Chief Jacobs involve conduct related to "police ... services or protection," which qualifies as a "governmental function" under section 2744. *See* Ohio Rev. Code § 2744.01(C)(2)(a). Finally, King seeks damages from Chief Jacobs for injury, death, and loss to person or property allegedly caused by Defendants' conduct. *See* Pl.'s Compl. at ¶¶ 84–86, 91–93, 101–02, 108–09. Therefore, under section 2744.03(A)(6), personal immunity applies to Chief Jacobs.

Second, the Court must determine whether an exception applies. Despite the presumptive immunity granted under section 2744.03(A)(6), Chief Jacobs can still be held liable in tort if: (1) her "acts or omissions were manifestly outside the scope of [her] employment or official responsibilities;" (2) her "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;" or (3) "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." *Lambert v. Clancy*, 2010-Ohio-1483, 927 N. E. 2d 585, 125 Ohio St. 3d 231, at ¶ 10; *see Smith v. Wyoming*, 821 F.3d 697, 706 (6th Cir. 2016).

The parties only disagree about whether the second exception applies. Defendants concede that King's complaint mentions that Chief Jacobs acted with malice, bad faith, or in a reckless manner. Defendants argue, however, that King fails to sufficiently allege any specific wrongdoing with such requisite intent. The Court agrees.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 120 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.*

Here, King's complaint uses language substantially similar to the statutory exception for immunity without any supporting factual claims. For example, King's complaint states:

> Plaintiff is informed and believes, and on the basis of such information and belief alleges that the governmental entity defendants and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the Decedent, maintained,

enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

(a) Training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens;

(b) Hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct;

(c) Subjecting citizens to the unreasonable use of force and unreasonable seizure;

(d) Allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens;

(e) Failing to adequately train, supervise and/or discipline officers regarding the use of force and the use of lethal force;

(f) Failing to adequately train, supervise and/or discipline officers, permitting unlawful conduct to occur;

(g) Failing to adequately train, supervise and/or discipline officers regarding their unlawful conduct;

(h) Failing to perform drug and alcohol testing consistent with constitutional and national-recognized policing practices;

(j) Failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior;

(k) Condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Tyre King, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

Pl.'s Compl. at ¶ 75. The complaint contains no factual allegations to support King's conclusion that Chief Jacobs' acts or omissions were malicious, wanton, or reckless.[1] *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, 2011 WL 55127366, ¶¶ 46–52.

---

[1] While King mentions one specific incident after the shooting: "[o]n September 15, 2016, … [Chief Jacobs] held a press conference regarding the fatal shooting, essentially blaming Tyre for his own death while failing to acknowledge the possibility of Officer Mason's actions being improper[,]" (Pl.'s Compl. at ¶ 32) this claim is insufficient because it merely alleges a failure to act after the shooting. *See Murphy v. Grenier*, 406 Fed. Appx. at 974; *see also DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 47.

Like *DiGiorgio*, King's Complaint contains no factual allegations to support her conclusions listed in paragraph 75 of her Complaint. *See id.* at ¶ 47 ("there is not a single factual allegation in the complaint concerning anything prior to [the date of the decedent's death].") Without more, King's assertions of reckless, willful, and/or wanton misconduct by Chief Jacobs are unsupported by any factual allegations. Therefore, the second exception under section 2744.03(A)(6) does not apply. As a result, Chief Jacobs is entitled to immunity. Accordingly, the Court dismisses King's individual-capacity state-law claims against Chief Jacobs.

## C. King's State-Law Claims Against the City of Columbus

Defendants urge the Court to dismiss King's state-law claims against the City of Columbus because Ohio's Political Subdivision Tort Liability Act applies. King does not contest Defendants' argument. To determine whether a political subdivision is immune, courts utilize a three-step analysis. Ohio Rev. Code § 2744; *Baker v. Wayne Cty.*, 147 Ohio St.3d 51, 53–54, 2016-Ohio-1566, 60 N. E. 3d 1214, ¶ 18.

First, the Court must determine whether the statute applies. Section 2744.02 grants presumptive tort immunity to a political subdivision facing claims of any "injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code Ann. § 2744.02(A)(1). The City of Columbus is a political subdivision of Ohio, and King's complaint alleges conduct by employees of the City of Columbus in furtherance of a governmental function. King also seeks to recover damages for injury, death, and loss to person or property allegedly cause by City of Columbus employees. Therefore, section 2744.02(A)(1) applies and grants presumptive immunity to the City of Columbus against King's state-law claims.

Second, the Court must determine whether an exception applies. Section 2744.02(B) lists five statutory exceptions, any of which, if applicable, deny the political subdivision presumptive immunity. Those five exceptions apply to: (1) claims involving the negligent operation of a motor vehicle; (2) claims involving conduct by subdivision employees performing proprietary functions; (3) claims related to an alleged disrepair or obstruction of a public road; (4) claims involving a plaintiff's loss on the grounds of a public building; and (5) claims involving civil liability expressly imposed upon the subdivision by another provision of the Ohio Revised Code. *See* Ohio Rev. Code § 2744.02(B). None of these exceptions apply.

Because no exception applies, the Court need not address the third step: whether the City of Columbus could raise any additional defenses to preclude any exceptions that applied under section 2744.02(B). Therefore, because Ohio's Political Subdivision Tort Liability Act applies, the City of Columbus is immune to any of King's state-law claims. Accordingly, the Court dismisses those claims.

## IV.

In conclusion, the Court **GRANTS** Defendants' *Partial Motion for Judgment on the Pleadings* (ECF No. 11), and thereby **DISMISSES** the following claims alleged by King: (1) the official-capacity claims against Chief Jacobs and Officer Mason; (2) the individual-capacity federal-law claims against Chief Jacobs; (3) the individual-capacity state-law claims against Chief Jacobs; and (4) the state-law claims against the City of Columbus.

**IT IS SO ORDERED.**

4-5-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

10