UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEARREA KING,

    Plaintiff,

v.

CITY OF COLUMBUS, *et al.*,

    Defendants.

Case No. 2:18-cv-1060
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION & ORDER

This matter is before the Court on the *Motions to Dismiss Defendants' Third-Party Complaint* (ECF Nos. 83, 84) filed by Third-Party Defendants P.R. and Jaronn Collins ("Collins"), respectively. These motions are ripe for review. For the reasons stated below, the Court **GRANTS** the *Motions to Dismiss Defendants' Third-Party Complaint* (ECF No. 83, 84) in accordance with this Opinion and Order.

### I.

### A. Facts as Pled in the Third-Party Complaint

This civil action arises from the September 14, 2016 fatal shooting of Tyre King by Officer Bryan Mason of the Columbus Division of Police. That day, Tyre King (13 years old) rode around Columbus, Ohio, with four friends—Jaronn Collins (16 years old), Demetrius Braxton (16 years old), A.B. (14 years old), and P.R. (12 years old)—in a car that P.R. had previously stolen from her mother. (Def.'s Third-Party Compl. at ¶ 7.) King carried a black "air-powered replica handgun." (*Id.*) Upon realizing the vehicle was running low on fuel, the group hatched a plan to use Tyre's replica firearm to rob someone for gas money. (*Id.* at ¶ 9.)

P.R. parked the vehicle near the intersection of South 18th Street and East Capital Street, located on Columbus' near east side. (*Id.* at ¶ 10.) After all five youths exited the vehicle, Tyre gave his replica firearm to Collins, who then passed it to Braxton. (*Id.*) As the group began walking down South 18th Street, Collins asked a pedestrian for the time. (*Id.* at ¶ 11.) When the individual approached the group, Braxton pointed the replica firearm at him, took $10 in cash, and threatened to shoot. (*Id.*) The group then fled from the immediate area. (*Id.* at ¶ 12.) At that point, the group of five split into three: P.R. and A.B. took the stolen cash, drove to a nearby gas station, and refueled the car (*Id.* at ¶ 15); Collins fled from the area alone, on foot (*Id.*); and Braxton hid his outer clothing under a parked vehicle and gave the replica firearm to Tyre King. (*Id.* at ¶ 12–13.)

Bystanders who had witnessed the robbery called 911, and Columbus Police Officers immediately responded to South 18th Street. (*Id.* at ¶ 14.) Police officers chased Braxton and Tyre King on foot. (*Id.*) Officer Mason ran parallel to that chase, one street over. (*Id.* at ¶ 16.) When Braxton and Tyre ran into Officer Mason's path, Officer Mason ordered them to get on the ground. (*Id.*) Braxton complied; Tyre did not. (*Id.*) Instead, Tyre looked directly at Officer Mason while pulling the replica firearm from his waistband. (*Id.* at ¶ 17.) Officer Mason believed Tyre was going to shoot, and so Officer Mason fired his service weapon at Tyre. (*Id.*) Those shots struck and killed Tyre. The replica firearm was later recovered lying near him. (*Id.*)

**B. Procedural History**

On September 14, 2018, Plaintiff Dearrea King, as the administrator of Tyre King's estate, filed suit against Defendants City of Columbus (the "City"), Officer Mason, and the Division of Police Chief (collectively "Defendants"). (*See* Pl.'s Compl. [ECF No. 1].) Plaintiff King alleges: (1) wrongful death and survival action under 42 U.S.C. § 1983 and Ohio Revised Code § 2125.01; (2) excessive force and unreasonable seizure under Section 1983 in violation of the Fourth and

2

Fourteenth Amendments; (3) racial discrimination under Section 1983 in violation of the Fourteenth Amendment; (4) deliberate indifference under Sections 1983 and 1988 in violation of the Fourth and Fourteenth Amendments; and (5) a *Monell* claim under Section 1983. (*See id.* at 36–39.)

On November 13, 2018, the City and Officer Mason sued P.R., Collins, Braxton, and A.B. (*See* Third-Party Compl. [ECF No. 9].) The City and Officer Mason later dismissed all claims against A.B. (*See* Defs.' Notice of Dismissal [ECF No. 81].) And Braxton has not entered an appearance. Thus, this matter only addresses whether Officer Mason and the City have asserted valid third-party claims against P.R. and Collins. (*See id.* at 25–27.) As all parties' briefs correctly note, however, only Officer Mason can allege third-party claims against the Third-Party Defendants; the City cannot. (*See* Collins' Mot to Dismiss at 6, n.3; P.R.'s Mot. to Dismiss at 7, n.4; Defs.' Memo in Opp. at 1–2.) Further, the only third-party claim that Officer Mason can allege is for contribution regarding Plaintiff King's state-law wrongful death claim against him.[1] Accordingly, at issue is whether Officer Mason can seek contribution from P.R. and Collins for Plaintiff King's underlying wrongful death claim.

## II.

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual

---

[1] First, the parties correctly note that the City does not (and cannot) seek indemnification or contribution for any of Plaintiff King's Section 1983 claims; second, the parties correctly note that Officer Mason's contribution and indemnification claims against Third-Party Defendants are based exclusively on Plaintiff King's state-law claim against Officer Mason; third, Officer Mason recognizes his indemnification claims fail as a matter of law. (*See* Defs.' Memo. in Opp. at 1–2) ("the only third-party claims that should remain pending after resolution of the instant motions are Defendant/Third-Party Plaintiff Bryan Mason's state-law claims for contribution from Third-Party Defendants [Braxton, Collins, and P.R.]."); *see also Allstate Ins. Co. v. U.S. Assocs. Realty, Inc.*, 11 Ohio App. 3d 242, 464 N.E.2d 169, 173 (Ohio Ct. App. 1983) (recognizing an indemnity claim must be based on an express or implied contract between the defendant and the third-parties.).

3

allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Therefore, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff need not allege detailed facts but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III.

This case presents a single issue: whether Officer Mason has a right to contribution against P.R. and Collins for Plaintiff King's underlying wrongful death claim. In Ohio, "*[e]xcept as otherwise provided in sections 2307.25 to 2307.28 of the Revised Code*," a right to contribution may exist "if one or more persons are jointly and severally liable in tort…for the same wrongful death … even though judgment has not been recovered against all or any of them." Ohio Rev. Code § 2307.25(A) (emphasis added). The parties argue about whether Officer Mason has a right to contribution against P.R. and Collins, focusing on whether P.R. and Collins could be jointly and severally liable. By relying solely on Section 2307.25, however, the parties place the cart before the horse. Section 2307.26 supersedes section 2307.25 and provides that when "there is no judgment for…the wrongful death against the tortfeasor seeking contribution, that tortfeasor's

4

right of contribution is barred...." Ohio Rev. Code § 2307.26. Since there is no judgment against Officer Mason and the exceptions to section 2307.26 do not apply, his contribution claims are premature.

The Court notes that, at first glance, sections 2307.25 and 2307.26 seem to be at odds. Under section 2307.25, even without a judgment against any or all of the tortfeasors who are jointly and severally liable, there may be a right of contribution. Yet under section 2307.26, in apparently the same situation (where no judgment exists), the tortfeasor seeking contribution is barred, unless an exception applies. Those exceptions explain the friction. When a contribution-seeking tortfeasor who is not subject to any judgment settles with the injured party, the right of contribution is no longer barred. If that happens, then section 2307.25 applies. At that point, the tortfeasor seeking contribution may have that right "even though judgment has not been recovered against all or any of them." Ohio Rev. Code § 2307.25(A).

The relevant case law supports this procedure's construction. *See McPherson v. Cleveland Punch & Shear Co.*, 816 F.2d 249, 250–51 (6th Cir. 1987) ("Thus, a cause of action for contribution does not accrue until the joint tortfeasor has paid more than his proportionate share of liability.") (citing *Nat'l Mut. Ins. Co. v. Whitmer*, 70 Ohio St. 2d 149, 151 (1982)); *see also Whitmer*, 70 Ohio St. 2d at 151 ("liability for contribution is distinct from the liability for the jointly committed tort.... Liability for contribution arises only in favor of a joint tortfeasor and then only when that tortfeasor has paid more than his proportionate share of the common liability.")

Accordingly, since Officer Mason has not paid or been found liable for anything, his right to contribution is barred without prejudice, in the event subsequent circumstances change the analysis.

5

## IV.

For the reasons stated above, the Court **GRANTS** the *Motions to Dismiss Defendants' Third-Party Complaint* (ECF No. 83, 84) and hereby **DISMISSES without PREJUDICE** Officer Mason's claims against P.R. and Collins, in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

11-27-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**