Paige Aff. Ex. 5

| Columbus Police Division Directive | EFFECTIVE Aug. 01, 1987 | NUMBER 2.02 |
| --- | --- | --- |
| | REVISED Mar. 30, 2014 | TOTAL PAGES 6 |

**Discharged Firearms**




## I. Introduction

This directive establishes procedures for all sworn personnel involved in incidents of discharged firearms, on or off duty.

## II. Policy Statements

A. Personnel shall report all incidents of discharged firearms, on or off duty, other than those done in the course of training, testing, or legal recreational purposes.

B. When evidence exists that personnel involved in a use of firearms incident may be under the influence of alcohol or drugs, the investigating supervisor shall require the involved personnel to submit body fluids for laboratory analysis.

C. A member of the Firearms/Police-Involved Death Review Board shall respond to any police action resulting in death or when the Critical Incident Response Team (CIRT) has been activated.

D. When a firearm is ***unintentionally*** discharged on a Division of Police firing range and there are no resulting injuries, Ordnance Unit personnel shall determine the appropriate course of action.

E. The Internal Affairs Bureau may be directed to conduct an administrative investigation of incidents involving the discharge of a firearm resulting in the injury or death of a human. Any statements or evidence obtained as a result of an order to comply with questioning during an administrative investigation will not be shared with or used in any criminal investigation or proceeding involving the personnel ordered to answer questions.

F. Incidents involving serious physical harm or death shall be handled in one of the following manners:

1. For occurrences in the City of Columbus, CIRT shall conduct a criminal investigation and the investigative packet shall be forwarded to the county prosecutor in the county in which the incident occurred. That prosecutor shall determine if the case will be presented to a Grand Jury.
2. For occurrences outside the City of Columbus, the law enforcement agency in whose jurisdiction the incident occurred shall conduct the criminal investigation and their individual policies shall dictate any subsequent review, unless other arrangements are made between CIRT and the other jurisdiction at the time of the incident.

G. Scene Security

Personnel shall protect the scene as any other serious crime scene in accordance with the "Serious Crime Scenes, Threatened Officer Protection, and Guard Duty" directive. Only personnel assigned to investigate a police-involved shooting shall be permitted within the protected area of the shooting scene. The exception will be the Chairperson of the Firearms/Police-Involved Death Review Board or his or her designee, who shall be shown the scene at the first reasonable opportunity.

H. CIRT shall investigate the following incidents:

1. The discharge of a firearm that results in human injury/death, ***excluding the unintentional discharge by sworn personnel resulting in non-life threatening injury to themselves.***
2. The intended discharge of a firearm when the discharge:
   a. Was intentionally directed at a person, or;
   b. While not intentionally directed at a person, could be ***reasonably*** construed as such.
3. The ***unintentional*** discharge of a firearm when the discharge occurred during a confrontation with a suspect, and could be ***reasonably*** construed as being directed at the suspect.
4. ***The use of a firearm within the City of Columbus by a law enforcement officer from a foreign agency/jurisdiction or an authorized Columbus Fire Investigator. The exception is the non-injury use of a firearm by Franklin County Sheriff's Office personnel.***

## III. Procedures

A. Discharged Firearm Resulting in No Injury/Death

1. Involved Personnel

   Immediately cause Communications Bureau personnel to be notified.
2. Communications Bureau Personnel
   a. Dispatch personnel to render assistance and/or to secure the scene, as necessary.
   b. Make notification as required by the Emergency Notification Guide.

B. Discharged Firearm for the Humane Destruction of a Seriously Injured Animal

1. Patrol Sergeant
   a. Complete the Discharged Firearm Report, form S-70.100.

   Note: For firearm discharges by supervisors, another patrol supervisor shall review and sign.

   (1) ***Email the form*** to the Firearms/Police-Involved Death Review Board Chairperson ***and the Firearms/Police-Involved Death Review Board Recording Secretary*** by the end of the tour of duty. This shall serve as notification of the incident.

(2) Route a copy through the chain of command to the involved personnel's deputy chief.

b. Forward the investigation through the chain of command to the Firearms/Police-Involved Death Review Board Chairperson.

2. Deputy Chief

Forward the Discharged Firearm Report to the Internal Affairs Bureau to be filed.

C. Discharged Firearm Against a Dangerous Animal, ***Unintentional Discharge by Sworn Personnel Resulting in a Non-life Threatening Injury to Themselves,*** or ***Unintentional*** Discharges not Investigated by CIRT

1. Investigating Lieutenant

Note: The lieutenant in the chain of command of the involved personnel shall investigate the firearm discharge. If the chain of command lieutenant is not on duty, a lieutenant from the involved bureau or a patrol zone lieutenant shall conduct the investigation.

a. Complete an administrative investigation.

b. Complete the Discharged Firearm Report.

(1) ***Email the form*** to the Firearms/Police-Involved Death Review Board Chairperson ***and the Firearms/Police-Involved Death Review Board Recording Secretary*** by the end of the tour of duty. This shall serve as notification of the incident.

(2) Include a copy in each investigative packet.

c. Forward the original investigative packet and three copies through the chain of command to the Firearms/Police-Involved Death Review Board Chairperson.

Note: The purpose of routing the investigative packet through the involved personnel's chain of command is to review the investigation for completeness. No recommendations should be made by the investigating supervisor or the chain of command until the incident has been reviewed by the Firearms/Police-Involved Death Review Board.

D. Discharged Firearm Resulting in Human Injury/Death

1. Involved Personnel

a. Immediately cause any needed medical aid to be rendered.

b. Immediately cause Communications Bureau personnel to be notified.

2. Communications Bureau Personnel

a. Dispatch personnel to render assistance and/or to secure the scene, as necessary.

b. Make notification as required by the Emergency Notification Guide.

3. Officer Support Team

Provide the involved personnel with any assistance, information, or other support as needed or requested.

Note: Officer Support Team members are subject to being subpoenaed to attend legal proceedings and testify to what they are told by the involved personnel. Officer Support Team members are cautioned not to discuss the incident.

4. Critical Incident Response Team

a. Conduct a criminal investigation.

b. Advise the involved personnel of their constitutional rights, when appropriate.

Note: The involved personnel may invoke their constitutional rights at any time during the criminal investigation.

c. Complete a Discharged Firearm Report.

(1) ***Email the form*** to the Firearms/Police-Involved Death Review Board Chairperson ***and the Firearms/Police-Involved Death Review Board Recording Secretary***.

(2) Include a copy in each investigative packet.

d. Forward the completed investigative packet as follows:

(1) The original to the Homicide Unit.

(2) Three copies to the Firearms/Police-Involved Death Review Board Chairperson.

(3) One copy to the county prosecutor.

If the suspect in a non-fatal case is not charged criminally, no copy will be sent. However, the case will be reviewed with the Legal Advisor and/or Prosecutor's Office.

5. Internal Affairs Bureau

a. Conduct a concurrent administrative investigation when directed.

Note: Personnel who are the focus of a criminal investigation may invoke their constitutional rights. This does not apply if the investigation is strictly administrative in nature.

b. Forward a copy of the completed investigation to the involved personnel's deputy chief.

E. Post Investigation Review

1. Firearms/Police-Involved Death Review Board

a. Review all information concerning the incident.

b. Determine whether the discharge of the firearm was within Division policy. ***Render a finding in accordance with the Firearms/Police-Involved Death Review Board SOP.***

c. Prepare and forward a summary of the findings together with the original investigative packet through the involved personnel's chain of command to the deputy chief.

Note: If there is a dissenting opinion between the Firearms/Police-Involved Death Review Board members, the dissenting member will include a letter of finding with the investigative packet and route it through the involved personnel's chain of command to the Chief of Police.

2. Chain of Command
   a. Review the investigative packet.
   b. ***Render a finding of one of the following:***
      ***(1) Intentional and in violation of policy***
      ***(2) Intentional and not in violation of policy***
      ***(3) Unintentional and in violation of policy***
      ***(4) Unintentional and not in violation of policy***
   c. When appropriate, make recommendations regarding necessary corrective action.
3. Deputy Chief of Involved Personnel
   a. Review the investigative packet and ***render a finding in accordance with III,E,2,b.***

      Note: If the recommendation of the deputy chief is in disagreement with the finding of the Firearms/Police-Involved Death Review Board, forward the investigative packet to the Chief of Police.
   b. If the discharge of the firearm was ***intentional and not in violation of policy, or unintentional and not in violation of policy:***
      (1) Cause the involved personnel to be notified of the final determination.
      (2) Forward the packet through the Firearms/Police-Involved Death Review Board Chairperson to the Internal Affairs Bureau to be filed.
   c. If the discharge of the firearm was ***intentional and in violation of policy, or unintentional and in violation of policy, determine if progressive discipline should be followed or if a deviation from progressive discipline is appropriate.***
      (1) ***If recommending deviation from progressive discipline,*** forward the packet to the ***Professional Standards*** Bureau ***Discipline/ Grievance Office for review then to the Chief of Police.***
      (2) If the discipline does not warrant ***deviation from progressive discipline***, forward the packet through the involved personnel's chain of command for the issuance of discipline. Then forward through the Firearms/Police-Involved Death Review Board Chairperson to the Internal Affairs Bureau.

4. Chief of Police
   a. Make a final determination if there are dissenting opinions within the Firearms/Police-Involved Death Review Board or between the Board and the involved personnel's deputy chief.
   b. Make a final determination on any request to deviate from progressive discipline.
   c. Cause the involved personnel to be notified of the final determination.