Page Aff.

Ex. 6

| Columbus Police Division Directive | EFFECTIVE<br>Aug. 01, 1987 | NUMBER<br>3.07 |
|---|---|---|
| | REVISED<br>Dec. 30, 2011 | TOTAL PAGES<br>2 |
| **Bias-Based Profiling** | | |



## I. Introduction

A. A fundamental right guaranteed by the Constitution of the United States to all *persons* in this nation is equal protection under the law. Additionally, citizens and non-citizens alike have the fundamental right to be free from unreasonable searches and seizures by governmental agents. The Columbus Division of Police is charged with protecting these rights for all, regardless of race, ethnic background, gender, sexual orientation, religion, economic status, age, cultural group, or any other identifiable groups.

B. Profiling, in and of itself, is not inappropriate when used legally and for a legitimate law enforcement purpose. However, bias-based profiling illegally infringes on the rights of others and cannot be tolerated. The Commission on Accreditation for Law Enforcement Agencies (CALEA) states, "Profiling, in itself, can be a useful tool to assist law enforcement officers in carrying out their duties. Bias-based profiling, however, is the selection of individuals based solely on a common trait of a group. This includes, but is not limited to: race, ethnic background, gender, sexual orientation, religion, economic status, age, cultural group, or any other identifiable groups."

## II. Definitions

A. Bias-Based Profiling

Stopping, questioning, searching, detaining, or arresting or the seizure of assets or attempt to forfeit property based on the person's ethnic or racial characteristics, gender, religion, or sexual orientation.

B. Reasonable Suspicion

A legal standard that a person has been, is, or is about to be engaged in criminal activity based on specific and articulable facts and inferences.

C. Probable Cause

Facts and circumstances within an officer's knowledge that are sufficient to warrant a prudent person to believe a suspect has committed, *or* is committing a crime.

## III. Policy Statements

***A. Sworn personnel shall be trained in bias-based profiling issues and legal aspects related to it annually.***

B. Division personnel shall not engage in bias-based profiling, shall only stop or detain a person for an articulable reason, and shall advise that person of the reason for the stop or detention as soon as practicable and prior to the termination of the contact. A person's race, ethnic background, gender, sexual orientation, religion, economic status, age, cultural group, or any other identifiable groups or any combination thereof shall not be a factor in determining probable cause for an arrest or reasonable suspicion for a stop unless it is based on specific credible information containing a physical description which to some degree matches the person or vehicle that is detained.

C. Motorists shall only be subjected to stops, seizures, or detentions based upon reasonable suspicion that they have committed or are committing a violation of law. For each self-initiated motor vehicle stop, officers shall notify the dispatcher of the location of the stop and the license plate number. The dispatcher shall log this information.

D. When enforcement action, citation, or warning ***for traffic vehicle stops*** has been completed, officers shall complete the Traffic Data Collection Form, U-10.117. ***If the officer has no access to a Division computer, the paper form shall be submitted.*** The deliberate recording of any misleading information is prohibited and shall serve as the basis for disciplinary action. Supervisors shall review all paper forms before the end of the tour of duty and forward them to the ***Telephone Reporting*** Unit for data entry.

E. Once ***a motorist has been*** cited or warned, officers shall not detain ***the*** motorist beyond the point where no reasonable suspicion of further criminal activity exists. Officers shall not search a person or a vehicle in the absence of a warrant, a legally recognized exception to the warrant requirement, or without the person's voluntary consent. ***When possible,*** written consent ***should*** be obtained before conducting a consent search. ***Oral consent should be recorded before conducting a consent search.***

F. By June 30th of each year, the Internal Affairs Bureau shall cause an administrative review of the Division's practices concerning bias-based profiling and related citizen concerns.