Ex. A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

DEARREA KING,

          Plaintiff,

   v.

CITY OF COLUMBUS, et al.,

          Defendants.

Case No. 2:18-cv-1060

Judge Edmund A. Sargus

Magistrate Judge Elizabeth Preston Deavers

---

**DEFENDANT CITY OF COLUMBUS' FIRST SET OF DISCOVERY REQUESTS, <span style="color:red">INCLUDING REQUESTS FOR ADMISSION</span>, UPON PLAINTIFF DEARREA KING**

---

Pursuant to Rules 26, 33, 34 & 36 of the Federal Rules of Civil Procedure, Defendant City of Columbus serves the following interrogatories, requests for production of documents, and **requests for admission** upon Plaintiff Dearrea King. Responses to these first sets of discovery requests are due within thirty days of service.

## DEFINITIONS

To avoid confusion and to decrease redundancy, the following words and phrases shall have the following meanings when used in any of the following discovery requests:

**Definition #1**    The **CITY** means Defendant City of Columbus and includes the Columbus Division of Police, which is also known as the Columbus Police Department, the CPD, the Division, or the Department.

**Definition #2**    The **CPD** means the Columbus Division of Police, which is also known as the Columbus Police Department, the Division, or the Department.

**Definition #3**    **DOCUMENT** has the full meaning given to it by Rule 34(a)(1) of the Federal Rules of Civil Procedure. It includes documents, items of electronically stored information, and tangible materials and things.

**Definition #4**    **IDENTIFY**—or any variation thereof—has the following meanings:

a.      To identify a ***document*** means to provide: (i) a sufficient description of the document that would allow the undersigned to know its form, its content, the date upon which it was created, the identity of its creator; and the identity of its intended audience; and (ii) a sufficient description of the current location of the document that would allow the undersigned to find it and inspect it. Any interrogatory that asks you to identify a particular document can be adequately answered by producing a copy of that particular document, so long as you provide a sufficient explanation as to where it can be located within your overall production (e.g., Bates number, etc.).

b.      To identify a specific ***instance*** of police misconduct means to provide: (i) the name of each officer involved; (ii) the date upon which the misconduct occurred; (iii) the person (if any) against whom the misconduct was directed; and (iv) a very general description of the misconduct in question.

c.      To identify a ***natural person*** (i.e., an individual) means to provide sufficient information for the undersigned to locate that person and to serve him or her with a subpoena. Such information would typically include: (i) the person's full legal name; (ii) the person's home and/or work address(es); (iii) the person's home, work, and/or mobile phone number(s); (iv) any email address(es) the person regularly uses; and (v) any nicknames, aliases, and/or pseudonyms by which the person is commonly known. If you cannot provide any contact information for a particular person that is current, please provide the most recent information you can.

d.      To identify a ***non-natural person*** (i.e., a legal or business entity, collective, or association, etc.) means to provide sufficient information for the undersigned to locate that person and to serve it with a subpoena. Such information would typically include: (i) the person's name; (ii) any other names under which the person does its business or conducts its activities; and (iii) the person's main business address(es), main phone number(s), and main email address(es). If you cannot provide any contact information for a particular person that is current, please provide the most recent information you can.

**<u>Definition #5</u>**      The **INCIDENT** means the September 14, 2016 police-involved shooting that is described in the complaint. <u>See</u>, <u>e.g.</u>, COMPL. ¶ 1 (D.1 #2). The term also includes any and all interactions between any Columbus police officer and Tyre King immediately before or immediately after the shooting itself.

**<u>Definition #6</u>**      **MASON** means Defendant Bryan Mason.

**<u>Definition #7</u>**      **PERSON** means both natural persons (i.e., individuals) and non-natural persons (i.e., legal or business entities, collectives, or associations, etc.).

**<u>DEFINITION #8</u>**      **YOU** (and any other second-person, singular pronoun) means Plaintiff Dearrea King and any person acting at her behest, at her direction, under her control, or upon her behalf, including, but not limited to, the attorneys representing the Estate of Tyre King.

## FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant City of Columbus serves the following interrogatories on you, and you must serve your answers thereto within thirty days of service. Provide any non-privileged information that is responsive to these interrogatories and that is within your possession, custody, or control. You are required to make a reasonable inquiry into the matter and to conduct a reasonably diligent search of the information, files, documentation, and materials that are within your possession, custody, or control or that are within the possession, custody, or control of your attorneys, your agents, or any other person acting at your behest, at your direction, on your behalf, or under your control.

**Interrogatory #1**    Identify any person who has discoverable information about a matter that is relevant to your claims in this lawsuit and whom you reserve the right to call in support of those claims, whether directly or by way of impeachment.

**Response #1**

1. **All individuals previously named in Plaintiff's Rule 26(a)(1)(A) Disclosures**

2. **JaeMesha Bridgmon** – Tyre King's sister. Can be reached through Plaintiff's counsel.

3. **Trinity Bradford** – Tyre King's sister. Can be reached through Plaintiff's counsel.

4. **Marshay Cardwell** – Tyre King's sister. Can be reached through Plaintiff's counsel.

5. **Ethan Corey** - Journalist for The Appeal. Plaintiff has no contact information outside of a general website email address, press@theappeal.org.

6. **George Joseph** - Journalist for The Appeal. Plaintiff has no contact information outside of a general website email address, press@theappeal.org.

7. **Ajanay Bland** – Minor child. Unknown contact information. Plaintiff can attempt to locate contact information for Bland if necessary. A statement is being produced by Plaintiff that may yield contact information.

8. **Jaime Patton** - Unknown contact information. Plaintiff can attempt to locate contact information for Patton if necessary. A statement is being produced by Plaintiff that may yield contact information.

9. Plaintiff reserves the right to supplement this response as more information becomes available.

**Interrogatory #2**      For each person who has discoverable information about a matter that is relevant to your claims in this lawsuit and whom you reserve the right to call in support of those claims, state the general subject matter of the information that person has.

**Response #2**

**All individuals previously named in Plaintiff's Rule 26(a)(1)(A) Disclosures.** The general subject matter of the information those individuals have is contained in Plaintiff's Initial Disclosures.

2. **JaeMesha Bridgmon**. May have information regarding the events leading up to the incident; the events following the incident; damages; and background information on Tyre King.

3. **Trinity Bradford**. Can be reached through Plaintiff's counsel. May have information regarding the events leading up to the incident; the events following the incident; damages; and background information on Tyre King.

4. **Marshay Cardwell**. Can be reached through Plaintiff's counsel. May have information regarding the events leading up to the incident; the events following the incident; damages; and background information on Tyre King.

5. **Ethan Corey** - Corey is a staff reporter for The Appeal, who on September 13, 2018 published an article entitled "Just 6% of Columbus Police Officers Account for Half of All Force Reports", which includes discoverable information regarding Columbus Division of Police Use of Force statistics and Columbus Division of Police polices, practices and customs.

6. **George Joseph** – Joseph is a staff reporter for The Appeal, who on September 13, 2018 published an article entitled "Just 6% of Columbus Police Officers Account for Half of All Force Reports", which includes discoverable information regarding Columbus Division of Police Use of Force statistics and Columbus Division of Police polices, practices and customs.

7. **Ajanay Bland** – May have information regarding the events leading up to the incident; the events following the incident; damages; and background information on Tyre King.

8. **Jaime Patton** - May have information regarding the events leading up to the incident; the events following the incident.

9. Plaintiff reserves the right to supplement this response as more information becomes available.

**Interrogatory #3**      Identify all documents, electronically stored information, and tangible things that you have in your possession, custody, or control and that you may use to support your claims in this matter, even if that use would be solely for impeachment.

**Response #3**           Response #3  See documents produced by Plaintiff. Plaintiff reserves the right to supplement this response as more information becomes available

**Interrogatory #4**      State the name, address, phone number, and e-mail address for each individual whom you intend to call as a witness (lay or expert) at any hearing or trial in this action.

**Response #4**           OBJECTION. The interrogatory seeks premature disclosure of expert opinion. The interrogatory also seeks attorney work-product. Plaintiff has not decided on which, if any, expert witnesses may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff 's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. Without waiving said objections, see Plaintiff's response to Interrogatory #1.

**Interrogatory #5**      For each individual whom you intend to call as a witness (lay or expert) at any hearing or trial in this action, state the general subject matter upon which you expect each such individual to testify.

**Response #5**           OBJECTION. The interrogatory seeks premature disclosure of expert opinion. The interrogatory also seeks attorney work-product. Plaintiff has not decided on which, if any, expert witnesses may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff 's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. Without waiving said objections, see Plaintiff's response to Interrogatory #2

**Interrogatory #6**      Identify any improper legislative enactment by the City or official written policy by the CPD that you believe was improper or unlawful in any way and that you believe was the moving force behind any of the constitutional violations alleged in your complaint.

**Response #6**           Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to identify any improper legislating enactments or official written policies. Without waiving said objections, Plaintiff believes based on her initial understanding of the evidence in this matter that any improper legislative enactments or official written policies that she identifies will fall into the following areas: Training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens; Hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct; Subjecting citizens to the unreasonable use of force and unreasonable seizure; Allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens; Failing to adequately train, supervise and/or discipline officers regarding the use of force and the use of lethal force; Failing to adequately

train, supervise and/or discipline officers, permitting unlawful conduct to occur; Failing to adequately train, supervise and/or discipline officers regarding their unlawful conduct; Failing to perform drug and alcohol tests on officers after their involvement in police shootings; Failing to perform drug and alcohol testing consistent with constitutional and nationally-recognized policing practices; Failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior; Condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Tyre King, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

**Interrogatory #7**     If you believe the City and/or the CPD had failed to enact or adopt any specific legislative enactment or written policy that would have prevented any of the constitutional violations alleged in your complaint, identify each such legislative enactment or written policy.

**Response #7**     Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to identify any improper legislating enactments or official written policies. Without waiving said objections, Plaintiff believes based on her initial understanding of the evidence in this matter that any improper legislative enactments or official written policies that she identifies will fall into the following areas: Training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens; Hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct; Subjecting citizens to the unreasonable use of force and unreasonable seizure; Allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens; Failing to adequately train, supervise and/or discipline officers regarding the use of force and the use of lethal force; Failing to adequately train, supervise and/or discipline officers, permitting unlawful conduct to occur; Failing to adequately train, supervise and/or discipline officers regarding their unlawful conduct; Failing to perform drug and alcohol tests on officers after their involvement in police shootings; Failing to perform drug and alcohol testing consistent with constitutional and nationally-recognized policing practices; Failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior; Condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Tyre King, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

**Interrogatory #8**     If you believe any of the constitutional violations alleged in your complaint were caused by a deficiency or inadequacy in the training or supervision of the CPD's law enforcement officers, identify and describe the specific training or supervision you believe to have been deficient or inadequate.

**Response #8**     Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to identify deficiencies or inadequacies in the training

or supervision of CPD's law enforcement officers. Without waiving said objections, Plaintiff believes based on her initial understanding of the evidence in this matter that any inadequacies or deficiencies will fall into the following areas: Training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens; Hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct; Subjecting citizens to the unreasonable use of force and unreasonable seizure; Allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens; Failing to adequately train, supervise and/or discipline officers regarding the use of force and the use of lethal force; Failing to adequately train, supervise and/or discipline officers, permitting unlawful conduct to occur; Failing to adequately train, supervise and/or discipline officers regarding their unlawful conduct; Failing to perform drug and alcohol tests on officers after their involvement in police shootings; Failing to perform drug and alcohol testing consistent with constitutional and nationally-recognized policing practices; Failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior; Condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Tyre King, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

**Interrogatory #9**      If you believe any of the constitutional violations alleged in your complaint were caused by a specific omission from the training or supervision of the CPD's law enforcement officers, identify and describe the specific training or supervision that you believe was omitted.

**Response #9**      Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to review all of the training and supervisory records provided to her through discovery. Without waiving said objections, Plaintiff believes based on her initial understanding of the evidence in this matter that any omissions will fall into the following areas: Training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens; Hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct; Subjecting citizens to the unreasonable use of force and unreasonable seizure; Allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens; Failing to adequately train, supervise and/or discipline officers regarding the use of force and the use of lethal force; Failing to adequately train, supervise and/or discipline officers, permitting unlawful conduct to occur; Failing to adequately train, supervise and/or discipline officers regarding their unlawful conduct; Failing to perform drug and alcohol tests on officers after their involvement in police shootings; Failing to perform drug and alcohol testing consistent with constitutional and nationally-recognized policing practices; Failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior; Condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Tyre King, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

**Interrogatory #10**    If you believe the CPD's investigation of the incident was in any way deficient or inadequate, identify and describe each such deficiency or inadequacy.

**Response #10**        Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery and conduct depositions. Without waiving said objections, Plaintiff believes that CPD failed to interview and re-interview key suspects in this matter, including William Scott, Anna Sicora, Leona Zielinska, and Kinga Porcyznska. Plaintiff also believes that CPD did not investigate the allegations of racial discrimination.

**Interrogatory #11**    Identify each person whom you believe the CPD failed to interview as part of its investigation into the incident and state the general subject matter of the information that each such person would have added to the investigation.

**Response #11**        Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery and conduct depositions. Without waiving said objections, see Plaintiff's response to Interrogatory #10. It remains to be seen what said witnesses may or may not have added to the investigation and Plaintiff is unable to properly provide a response as to the subject matter of the information without further discovery being conducted.

**Interrogatory #12**    Identify each item of evidence you believe the CPD failed to identify, collect, analyze, or review as part of its investigation into the incident and state the relevance that each such document or item would have had to the investigation.

**Response #12**        Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #13**    If you believe that there existed, prior to the incident itself, a pattern of similar unconstitutional conduct by CPD law enforcement officers, identify each such instance of similar conduct by stating the name(s) of the involved officer(s), the date upon which the conduct occurred, the person(s) against whom the conduct was directed, and the nature of the conduct in question.

**Response #13**        Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff

also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #14**      If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline instances of similar unconstitutional conduct by CPD law enforcement officers, identity each such instance of similar conduct by stating the name(s) of the involved officer(s), the date upon which the conduct occurred, the person(s) against whom the conduct was directed, the nature of the conduct in question, and the discipline you believe the involved officer(s) should have received.

**Response #14**      Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #15**      If you believe that there existed, prior to the incident itself, a pattern of racially motivated and/or racially discriminatory conduct by CPD law enforcement officers, identity each such instance of racially motivated and/or racially discriminatory conduct by stating the name(s) of the involved officer(s), the date upon which the conduct occurred, the person(s) against whom the conduct was directed, and the nature of the conduct in question.

**Response #15**      Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #16**      If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline instances of racially motivated and/or racially discriminatory conduct by CPD law enforcement officers, identity each such instance of racially motivated and/or racially discriminatory conduct by stating the name(s) of the involved officer(s), the date upon which the conduct occurred, the person(s) against whom the conduct was directed, the nature of the conduct in question, and the discipline you believe the involved officer(s) should have received.

**Response #16**      Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves

the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #17**    If you believe that there existed, prior to the incident itself, a pattern of excessive force by CPD law enforcement officers, identity each such instance of excessive force by stating the name(s) of the involved officer(s), the date upon which the force was used, the person(s) against whom the force was directed, and the nature of the force in question.

**Response #17**    Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #18**    If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline uses of excessive force by CPD law enforcement officers, identity each such instance of excessive force by stating the name(s) of the involved officer(s), the date upon which the force was used, the person(s) against whom the force was directed, the nature of the force in question, and the discipline you believe the involved officer(s) should have received.

**Response #18**    Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #19**    If you believe that there existed, prior to the incident itself, a pattern of excessive deadly force by CPD law enforcement officers, identity each such instance of excessive deadly force by stating the name(s) of the involved officer(s), the date upon which the deadly force was used, the person(s) against whom the deadly force was directed, and the nature of the deadly force in question.

**Response #19**    Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #20**     If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline uses of excessive deadly force by CPD law enforcement officers, identity each such instance of excessive deadly force by stating the name(s) of the involved officer(s), the date upon which the deadly force was used, the person(s) against whom the deadly force was directed, the nature of the deadly force in question, and the discipline you believe the involved officer(s) should have received.

**Response #20**     Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #21**     State the date upon which you believe the City and/or the CPD ratified, condoned, authorized, approved, or knowingly acquiesced to the purportedly unconstitutional conduct of Mason during the incident, and describe the manner by which the City or the CPD ratified, condoned, authorized, approved, or knowingly acquiesced to such conduct.

**Response #21**     Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #22**     Identify each City or CPD employee whom you believe ratified, condoned, authorized, approved, or knowingly acquiesced to the purportedly unconstitutional conduct of Mason during the incident, and describe the manner by which each such employee ratified, condoned, authorized, approved, or knowingly acquiesced to such conduct.

**Response #22**     Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response.

**Interrogatory #23**     In your complaint, you state that "Defendant City of Columbus had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendant Officer Mason. A proper investigation would have included that Defendant Officer Mason participated in a pattern of conduct that was racially discriminatory and/or unconstitutional." COMPL. ¶ 114 (D.1 #19). Identify Mason's "pattern of conduct that was racially discriminatory and/or unconstitutional," specifying the name, address, phone number,

and e-mail address of each person Mason discriminated against or whose constitutional rights he violated, including the date and location each specific violation occurred.

**Response #23**        Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. Without waiving said objections, Defendant officer Mason has used force in the past, and those past uses of force are referenced by Plaintiff in her complaint. At this point in this litigation, Plaintiff is not making any contentions with regard to specific uses of force, and again reserves the right to supplement this response as more information becomes available.

**Interrogatory #24**        In your complaint, you state that the City failed to adequately train Officer Mason. COMPL. ¶123 (D.1 #20). Identify and describe the specific training that you believe was omitted.

**Response #24**        Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to review all of the training and supervisory records provided to her through discovery. Without waiving said objections, Plaintiff believes based on her initial understanding of the evidence in this matter that any omissions will fall into the following areas: Training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens; Hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct; Subjecting citizens to the unreasonable use of force and unreasonable seizure; Allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens; Failing to adequately train, supervise and/or discipline officers regarding the use of force and the use of lethal force; Failing to adequately train, supervise and/or discipline officers, permitting unlawful conduct to occur; Failing to adequately train, supervise and/or discipline officers regarding their unlawful conduct; Failing to perform drug and alcohol tests on officers after their involvement in police shootings; Failing to perform drug and alcohol testing consistent with constitutional and nationally-recognized policing practices; Failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior; Condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Tyre King, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits

**Interrogatory #25**        In your complaint, you state that the City "has a policy, practice and custom of conspiring to interfere with and to deprive Plaintiffs of their causes of action by allowing suspect officers unreasonable and harmful concessions during investigations of police-involved shootings." COMPL. ¶ 125 (D.1 #21). Identify each "unreasonable and harmful concession" made "during investigations of police-involved shootings."

**<u>Response #25</u>**        Plaintiff objects to this request to the extent that this interrogatory asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. Without waiving said objections:

1. The City of Columbus does not require an independent review of whether police-involved shootings are outside of division policy or unreasonable, requiring only an internal review;

2. The City of Columbus investigates police-involved shootings by its own officers by allowing investigations by their fellow officers;

3. The City of Columbus Division of Police has a standing agreement with the Fraternal Order of Police regarding what questions may be asked of officers immediately after a police-involved shootings;

4. The City of Columbus does not require drug and/or alcohol testing after a police-involved shooting;

5. The City of Columbus does not treat officers involved in a police-involved shooting as suspects, and does not investigate them as such;

6. The City of Columbus does not investigate potential bias by officers after police-involved shootings;

7. This list is not exhaustive, and Plaintiff again reserves the right to supplement it.

**FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 & 34 of the Federal Rules of Civil Procedure, Defendant City of Columbus serves the following requests for production on you, and you must respond in writing within thirty days of service. Provide any non-privileged documents that are responsive to these requests and that are within your possession, custody, or control. You are required to make a reasonable inquiry into the matter and to conduct a reasonably diligent search of the information, files, documentation, and materials that are within your possession, custody, or control or that are within the possession, custody, or control of your attorneys, your agents, or any other person acting at your behest, at your direction, on your behalf, or under your control.

**Production Request #1**        All documents, electronically stored information, and tangible things that you have in your possession, custody, or control and may use to support your claims in this civil action, even if that use would be solely for impeachment.

**Response #1**        Plaintiff objects to the extent that this request violates attorney/client privilege, the attorney work-product doctrine, litigation privilege, or constitutional or statutory rights of privacy. Plaintiff also objects to the extent that discovery in this matter is not complete and plaintiff cannot know nor anticipate in advance of trial what exhibits she will or will not produce, attempt to introduce or have created. Without waiving said objections, see documents produced by Plaintiff.

**Production Request #2**        Any improper legislative enactment by the City or official written policy by the CPD that you believe was improper or unlawful in any way and that you believe was the moving force behind any of the constitutional violations alleged in your complaint.

**Response #2**        Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #3**        Any legislative enactment or written policy that you believe would have prevented any of the constitutional violations alleged in your complaint if it had been enacted or adopted by the City or the CPD at the time of the incident.

**Response #3**       Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #4**       Any documents that support, explain, or describe any deficiency or inadequacy in the training or supervision of the CPD's law enforcement officers that you believe caused any of the constitutional violations alleged in your complaint.

**Response #4**       Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #5**       Any documents that support, explain, or describe any omission from the training or supervision of the CPD's law enforcement officers that you believe caused any of the constitutional violations alleged in your complaint.

**Response #5**       Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #6**       Any documents that support, explain, or describe any deficiency or inadequacy in the CPD's investigation of the incident.

**Response #6**       Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #7**     Any documents that support, explain, or describe any significant omission from the CPD's investigation of the incident.

**Response #7**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #8**     Any recorded statements obtained from any person whom you believe the CPD should have interviewed—but nonetheless failed to do so—as part of its investigation into the incident.

**Response #8**     Plaintiff objects to the extent that this request violates attorney/client privilege, the attorney work-product doctrine, litigation privilege, or constitutional or statutory rights of privacy. Without waiving said objections, see documents produced by Plaintiff.

**Production Request #9**     Any document or item of evidence that you believe the CPD should have identified, collected, analyzed, and/or or reviewed—but nonetheless failed to do so—as part of its investigation into the incident.

**Response #9**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #10**     If you believe that there existed, prior to the incident itself, a pattern of similar unconstitutional conduct by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of similar conduct.

**Response #10**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #11**     If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline instances of similar unconstitutional

conduct by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of similar conduct and the CPD's investigation thereof.

**Response #11**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #12**      If you believe that there existed, prior to the incident itself, a pattern of racially motivated and/or racially discriminatory conduct by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of racially motivated and/or racially discriminatory conduct.

**Response #12**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #13**      If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline instances of racially motivated and/or racially discriminatory conduct by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of racially motivated and/or racially discriminatory conduct and the CPD's investigation thereof.

**Response #13**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #14**      If you believe that there existed, prior to the incident itself, a pattern of excessive force by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of excessive force.

**Response #14**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff

also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #15**     If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline uses of excessive force by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of excessive force and the CPD's investigation thereof.

**Response #15**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #16**     If you believe that there existed, prior to the incident itself, a pattern of excessive deadly force by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of excessive deadly force.

**Response #16**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #17**     If you believe that there existed, prior to the incident itself, a pattern of the CPD failing to investigate or discipline uses of excessive deadly force by CPD law enforcement officers, produce any documents that support, explain, or describe each such instance of excessive deadly force and the CPD's investigation thereof.

**Response #17**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #18**      Any documents that support, explain, describe, or establish that the City and/or the CPD ratified, condoned, authorized, approved, or knowingly acquiesced to the purportedly unconstitutional conduct of Mason during the incident.

**Response #18**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. Plaintiff believes that the Firearms Review Board decision is responsive to this request, however there are likely other documents responsive to this request.

**Production Request #19**      Any documents that support, explain, describe, or establish that a City or CPD employee ratified, condoned, authorized, approved, or knowingly acquiesced to the purportedly unconstitutional conduct of Mason during the incident.

**Response #19**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #20**      Produce any documents that support your allegation that Mason participated in a pattern of conduct that was racially discriminatory and/or unconstitutional. COMPL. ¶ 114 (D.1 #19).

**Response #20**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents. Plaintiff has provided her copy of Defendant Officer Mason's personnel file, but that document is also already in Defendant's possession.

**Production Request #21**      Produce any documents that support your allegation that the City failed to adequately train Mason. COMPL. ¶123 (D.1 #20).

**Response #21**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of

expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents. Plaintiff has provided her copy of Defendant Officer Mason's personnel file, but that document is also already in Defendant's possession.

**Production Request #22**      Produce any documents that support your allegation that the City "has a policy, practice and custom of conspiring to interfere with and to deprive Plaintiffs of their causes of action by allowing suspect officers unreasonable and harmful concessions during investigations of police-involved shootings." COMPL. ¶ 125 (D.1 #21).

**Response #22**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #23**      Produce any documents that support your allegation that the City has a policy, practice and custom of exhibiting racially motivated and/or unconstitutional conduct. COMPL. ¶ 119 (D.1 #20).

**Response #23**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #24**      Produce any documents that support your allegation that the City has a policy, practice and custom of failing to investigate civilian complaints against officers consisting of racially motivated and/or unconstitutional conduct. COMPL. ¶ 120 (D.1 #20).

**Response #24**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #25**     Produce any documents that support your allegation that the City has a policy, practice and custom of failing to adequately train police officers who exhibit racially motivated and/or unconstitutional conduct. COMPL. ¶ 124 (D.1 #20).

**Response #25**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #26**     Produce any documents that support your allegation that the City has a policy, practice and custom of training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens. COMPL. ¶ 75(a) (D.1 #11).

**Response #26**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #27**     Produce any documents that support your allegation that the City has a policy, practice and custom of hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct. COMPL. ¶ 75(b) (D.1 #11).

**Response #27**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #28**     Produce any documents that support your allegation that the City has a policy, practice and custom of subjecting citizens to the unreasonable use of force and unreasonable seizure. COMPL. ¶ 75(c) (D.1 #11).

**Response #28**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of

expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #29**      Produce any documents that support your allegation that the City has a policy, practice and custom of allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens. COMPL. ¶ 75(d) (D.1 #11).

**Response #29**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #30**      Produce any documents that support your allegation that the City has a policy, practice and custom of failing to adequately train, supervise and/or discipline officers regarding the use of force and the use of lethal force. COMPL. ¶ 75(e) (D.1 #11).

**Response #30**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #31**      Produce any documents that support your allegation that the City has a policy, practice and custom of failing to adequately train, supervise and/or discipline officers, permitting unlawful conduct to occur. COMPL. ¶ 75(f) (D.1 #11).

**Response #31**      Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #32**    Produce any documents that support your allegation that the City has a policy, practice and custom of failing to adequately train, supervise and/or discipline officers regarding their unlawful conduct. COMPL. ¶ 75(g) (D.1 #11).

**Response #32**    Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #33**    Produce any documents that support your allegation that the City has a policy, practice and custom of failing to perform drug and alcohol tests on officers after their involvement in police shootings. COMPL. ¶ 75(h) (D.1 #11).

**Response #33**    Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #34**    Produce any documents that support your allegation that the City has a policy, practice and custom of failing to perform drug and alcohol testing consistent with constitutional and nationally-recognized policing practices. COMPL. ¶ 75(i) (D.1 #11).

**Response #34**    Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #35**    Produce any documents that support your allegation that the City has a policy, practice and custom of failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior. COMPL. ¶ 75(j) (D.1 #11).

**Response #35**    Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves

the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Production Request #36**     Produce any documents that support your allegation that the City has a policy, practice and custom of condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Tyre King, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits. COMPL. ¶ 75(k) (D.1 #11).

**Response #36**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

**Response #37**     Produce any documents that support your allegation that the City and CPD failed to properly investigate the circumstances surrounding Tyre King's death and purposely conspired to limit the information released surrounding Tyre King's death. COMPL. ¶ 33 (D.1 #6).

**Response #38**     Plaintiff objects to this request to the extent that this request asks for evidence or information that Plaintiff is still gathering through the discovery process. Plaintiff also objects to this request to the extent that this interrogatory seeks premature disclosure of expert opinion and/or attorney work-product. Without waiving said objections, Plaintiff reserves the right to supplement this response once she has had an opportunity to review discovery, conduct depositions and decide if expert opinion may be necessary to provide an adequate response. At present, Plaintiff believes documents already provided by Defendants are responsive to this request, but Plaintiff is still reviewing those documents.

## FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 & 36 of the Federal Rules of Civil Procedure, Defendant City of Columbus serves the following requests for admission on you. You must provide a written answers or objections within thirty days of service. Your denials must fairly respond to the substance of the matter for which admission is requested. When good faith requires you to qualify any answer to one of the following requests or to deny only a part of a matter for which admission is requested, your answer must specify the part admitted, and it must either qualify or deny the remainder. You may assert a lack of knowledge or information as a reason for failing to admit or deny a matter only after you have conducted a reasonable inquiry into the matter and only after you have conducted a reasonably diligent search of the information, files, documentation, and materials that are within your possession, custody, or control or that are within the possession, custody, or control of your attorneys, your agents, or any other person acting at your behest, at your direction, on your behalf, or under your control.

## GENERAL STATEMENT

It should be noted that Plaintiff has not fully completed investigation of the facts relating to this case and has not fully completed discovery in this action and has not completed preparation for trial. All of the answers contained herein are based upon such information and documents which are presently available to or specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establishing entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The answers contained herein

are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known which should in no way be to the prejudice of Plaintiff in relation to further discovery, research and/or analysis.

Plaintiff has based these responses on the assumption that in propounding these requests for admission, the propounding party does not seek materials protected against discovery by (a) attorney/client privilege; (b) the attorney work-product doctrine; (c) litigation privilege; (d) constitutional or statutory right of privacy; (e) the confidentiality of statements or conduct made for settlement purposes; (f) trade secrets or other proprietary information or privileges; or (g) materials which are irrelevant to the subject matter of this litigation

**Admission Request #1**      Admit that you cannot identify any improper legislative enactment by the City or official written policy by the CPD that you believe was improper or unlawful in any way and that you believe was the moving force behind any of the constitutional violations alleged in your complaint.

**Response #1**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot identify any improper legislative enactment by the City or official written policy by the CPD that she believes was improper or unlawful in any way and that she believes was the moving force behind any of the constitutional violations alleged in her complaint.

**Admission Request #2**      Admit that you cannot produce any improper legislative enactment by the City or official written policy by the CPD that you believe was improper or unlawful in any way and that you believe was the moving force behind any of the constitutional violations alleged in your complaint.

**Response #2**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot produce any improper legislative enactment by the City or official written policy by the CPD that she believes was improper or unlawful in any way and that she believes was the moving force behind any of the constitutional violations alleged in her complaint.

**Admission Request #3**      Admit that you cannot identify any legislative enactment or written policy that you believe would have prevented any of the constitutional violations alleged in your complaint if it had been enacted or adopted by the City or the CPD at the time of the incident.

**Response #3**       Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot identify any legislative enactment or written policy that she believes would have prevented any of the constitutional violations alleged in her complaint if it had been enacted or adopted by the City or the CPD at the time of the incident.

**Admission Request #4**       Admit that you cannot produce any legislative enactment or written policy that you believe would have prevented any of the constitutional violations alleged in your complaint if it had been enacted or adopted by the City or the CPD at the time of the incident.

**Response #4**       Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot produce any legislative enactment or written policy that she believes would have prevented any of the constitutional violations alleged in your complaint if it had been enacted or adopted by the City or the CPD at the time of the incident.

**Admission Request #5**       Admit that you cannot identify any deficiency or inadequacy in the training or supervision of the CPD's law enforcement officers that you believe caused any of the constitutional violations alleged in your complaint.

**Response #5**       Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot identify any deficiency or inadequacy in the training or supervision of the CPD's law enforcement officers that she believes caused any of the constitutional violations alleged in her complaint.

**Admission Request #6**       Admit that you cannot produce any documents that support, explain, or describe any deficiency or inadequacy in the training or supervision of the CPD's law enforcement officers that you believe caused any of the constitutional violations alleged in your complaint.

**Response #6**       Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot produce any documents that support, explain, or describe any deficiency or inadequacy in the training or supervision of the CPD's law enforcement officers that she believes caused any of the constitutional violations alleged in her complaint.

**Admission Request #7**      Admit that you cannot identify any specific omission from the training or supervision of the CPD's law enforcement officers that you believe caused any of the constitutional violations alleged in your complaint.

**Response #7**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot identify any specific omission from the training or supervision of the CPD's law enforcement officers that she believes caused any of the constitutional violations alleged in her complaint.

**Admission Request #8**      Admit that you cannot produce any documents that support, explain, or describe any specific omission from the training or supervision of the CPD's law enforcement officers that you believe caused any of the constitutional violations alleged in your complaint.

**Response #8**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot produce any documents that support, explain, or describe any specific omission from the training or supervision of the CPD's law enforcement officers that she believes caused any of the constitutional violations alleged in her complaint.

**Admission Request #9**      Admit that you cannot identify any deficiency or inadequacy in the CPD's investigation of the incident.

**Response #9**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot identify any deficiency or inadequacy in the CPD's investigation of the incident.

**Admission Request #10**      Admit you cannot produce any documents that support, explain, or describe any deficiency or inadequacy in the CPD's investigation of the incident.

**Response #10**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies that she cannot produce any documents that support, explain or describe any deficiency or inadequacy in the CPD's investigation of the incident.

**Admission Request #11**      Admit you cannot identify any significant omission from the CPD's investigation of the incident.

**Response #11**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal

conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #12**     Admit you cannot produce any documents that support, explain, or describe any specific omission from the CPD's investigation of the incident.

**Response #12**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #13**     Admit that you cannot identify any person whom you believe the CPD should have interviewed—but nonetheless failed to do so—as part of its investigation into the incident.

**Response #13**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #14**     Admit that you cannot identify any document or item of evidence that you believe the CPD should have identified, collected, analyzed, and/or or reviewed—but nonetheless failed to do so—as part of its investigation into the incident.

**Response #14**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #15**     If you believe that there existed, prior to the incident itself, a pattern of similar unconstitutional conduct by CPD law enforcement officers, admit that you cannot identify any such specific instance of similar conduct.

**Response #15**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #16**     If you believe that there existed, prior to the incident itself, a pattern of similar unconstitutional conduct by CPD law enforcement officers, admit that you cannot produce any documents that support, explain, or describe any such specific instance of similar conduct.

**Response #16**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #17**     If you believe that there existed, prior to the incident itself, a pattern of racially motivated and/or racially discriminatory conduct by CPD law enforcement officers, admit that you cannot identify any such specific instance of racially motivated and/or racially discriminatory conduct.

**Response #17**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #18**     If you believe that there existed, prior to the incident itself, a pattern of racially motivated and/or racially discriminatory conduct by CPD law enforcement officers, admit that you cannot produce any documents that support, explain, or describe any such specific instance of racially motivated and/or racially discriminatory conduct.

**Response #18**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #19**     If you believe that there existed, prior to the incident itself, a pattern of excessive force by CPD law enforcement officers, admit that you cannot identify any such specific instance of excessive force.

**Response #19**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #20**     If you believe that there existed, prior to the incident itself, a pattern of excessive force by CPD law enforcement officers, admit that you cannot produce any documents that support, explain, or describe any such specific instance of excessive force.

**Response #20**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #21**     If you believe that there existed, prior to the incident itself, a pattern of excessive deadly force by CPD law enforcement officers, admit that you cannot identify any such specific instance of excessive deadly force.

**Response #21**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #22**     If you believe that there existed, prior to the incident itself, a pattern of excessive deadly force by CPD law enforcement officers, admit that you cannot produce any documents that support, explain, or describe any such specific instance of excessive deadly force.

**Response #22**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #23**     Admit that no one with the City or the CPD had any advanced notice that Mason was going to be involved in a police involved shooting on September 14, 2016.

**Response #23**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff is unable to ascertain at this stage in litigation whether anyone had any advanced notice, and thus denies.

**Admission Request #24**     Admit that no one with the City or the CPD had any advanced notice that Mason was going to have any type of interaction with Tyre King on September 14, 2016.

**Response #24**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff is unable to ascertain at this stage in litigation whether anyone had any advanced notice, and thus denies.

**Admission Request #25**     Admit no one with the City or the CPD ordered Mason to fire his weapon at Tyre King.

**Response #25**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff is unable to ascertain at this stage in litigation whether anyone ordered Mason to fire, and thus denies.

**Admission Request #26**     Admit no one with the City or the CPD ordered Mason to engage in any type of interaction with Tyre King.

**Response #26**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff is unable to ascertain at this stage in litigation whether anyone had any provided any orders to Mason, and thus denies.

**Admission Request #27**      Admit there is nothing in Mason's background that should have put the CPD on notice that a use of excessive deadly force by Mason was a plainly obvious consequence of the decision to hire him as a law enforcement officer.

**Response #27**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #28**      Admit that you cannot identify any specific instance of misconduct to support your allegation that Mason participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

**Response #28**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #29**      Admit that you cannot produce any documents that support, explain, or describe any specific instance of misconduct to support your allegation that Mason participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

**Response #29**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #30**      Admit that you cannot identify any specific instance of the City conspiring to interfere with and to deprive Plaintiffs of their causes of action by allowing suspect officers unreasonable and harmful concessions during investigations of police-involved shootings.

**Response #30**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #31**      Admit that you cannot produce any documents that support, explain, or describe any specific instance of the City conspiring to interfere with and to deprive Plaintiffs of their causes of action by allowing suspect officers unreasonable and harmful concessions during investigations of police-involved shootings.

**Response #31**      Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #32**     Admit that you cannot identify any specific instance of the City exhibiting racially motivated and/or unconstitutional conduct.

**Response #32**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #33**     Admit that you cannot produce any documents that support, explain, or describe any specific instance of the City exhibiting racially motivated and/or unconstitutional conduct.

**Response #33**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #34**     Admit that you cannot identify any specific instance of the City failing to investigate civilian complaints against officers consisting of racially motivated and/or unconstitutional conduct.

**Response #34**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #35**     Admit that you cannot produce any documents that support, explain, or describe any specific instance of the City failing to investigate civilian complaints against officers consisting of racially motivated and/or unconstitutional conduct.

**Response #35**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #36**     Admit that you cannot identify any specific instance of the City failing to adequately train police officers who exhibit racially motivated and/or unconstitutional conduct.

**Response #36**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #37**     Admit that you cannot produce any documents that support, explain, or describe any specific instance of the City failing to adequately train police officers who exhibit racially motivated and/or unconstitutional conduct.

**Response #37**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #38**     Admit that you cannot identify any specific instance of the City training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens.

**Response #38**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #39**     Admit that you cannot produce any documents that support, explain, or describe any specific instance of the City training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens.

**Response #39**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

**Admission Request #40**     Admit that you cannot identify any specific instance of the City hiring, retaining and assigning officers with honesty and integrity issues, behavioral issues and patterns of misconduct.

**Response #40**     Plaintiff objects to the extent that this request calls for the premature disclosure of expert opinion. Plaintiff objects to the extent that this request calls for a legal conclusion. Plaintiff objects to the extent that discovery is still in its early stages and the review of discovery materials is ongoing. Plaintiff denies.

With respect to all objections,

*/s/ Sean L. Walton*

Sean L. Walton (0088401)

Respectfully Submitted,

*/s/ Sean L. Walton*

Sean L. Walton (0088401)
Chanda L. Brown (0081076)
WALTON + BROWN, LLP

395 E. Broad Street, Suite 200
Columbus, Ohio 43215
Telephone:     (614) 636-3476
Facsimile:     (614) 636-3453
Email: swalton@waltonbrownlaw.com
Counsels for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that, on **March 25, 2019**, he served a copy of the foregoing by

electronic mail on the following individuals:

Andrew D.M. Miller (0074515) – LEAD
Timothy J. Mangan (0025430)
Westley M. Phillips (0077728)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
admmiller@columbus.gov
tjmangan@columbus.gov
wmphillips@columbus.gov
Attorneys for Defendants

*/s/ Sean L. Walton*
Sean L. Walton (0088401)

## VERIFICATION OF INTERROGATORY RESPONSES

The undersigned does hereby swear, that: (a) the factual statements made in response to the foregoing interrogatories are true, accurate, and complete to the best of his/her knowledge, information, and belief; (b) she has been authorized by the party upon whom/which those interrogatories were served to verify the factual statements made in response thereto; and/or (b) her signature below serves as a verification of those factual statements.

_Dearrea M. King_
Dearrea King

Sworn to before me and subscribed in my presence on ___March 22,___ 2019.

_Sean W_
Notary Public

My commission expires:

Sean L. Walton, Jr., Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.