# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEARREA KING,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF COLUMBUS, OHIO, et al.,<br><br>    Defendants. | Case No. 2:18-cv-1060<br><br>Judge Edmund A. Sargus<br><br>Chief Magistrate Judge<br>Elizabeth A. Preston Deavers<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY** |

Defendant Bryan Mason has filed a motion for summary judgment (Doc.136 #2848-2887), Plaintiff Dearrea King, Administrator of the Estate of Tyre King, has filed a memorandum in opposition (Doc.141 #3090-3143), and Mason has filed a reply (Doc.145 #4790-4805). On April 28, 2021, Plaintiff filed a motion for leave to file a surreply (Doc.147 # 4815-19). For the following reasons, Plaintiff's motion should be denied.

The Court has, for many years, had a Local Civil Rule governing how many briefs may be filed in support of or in opposition to a motion. Currently, Local Civil Rule 7.2(a) provides that only supporting, opposing, and reply memoranda may be filed "except upon leave of court for good cause shown." *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 207CV1190, 2010 U.S. Dist. LEXIS 114665, 2010 WL 4117552, at *4 (S.D. Ohio Oct. 19, 2010) (quoting S. D. Ohio Civ. R. 7.2(a)). Rule 7.2(d) states that if a party will be relying on "proof of facts not already of record," the evidence which demonstrates the existence of those facts must be "submitted no later than[ ] the primary memorandum of the party relying on such evidence." S. D. Ohio Civ. R. 7.2(a). "Although Rule 7.2(a) does not define what constitutes good cause for filing any additional memoranda, such as a surreply, this Court has consistently held that in order for a party to be given

permission to file a surreply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion." *Comtide Holdings*, LLC, 2010 U.S. Dist. LEXIS 114665, 2010 WL 4117552, at *4 (citing as examples *Power Marketing Direct v. Moy*, 2008 U.S. Dist. LEXIS 115810, 2008 WL 4849289 (S.D. Ohio November 6, 2008) and *White v. Honda of America Mfg., Inc.*, 191 F.Supp.2d 933, 944 (S.D. Ohio 2002) (holding that the mere fact that a surreply might be "helpful" is not enough to justify its filing)).

Plaintiff requests leave to file a surreply because, in support of his argument that Plaintiff's state-law claim is barred by O.R.C. § 2307.60(B)(2), Mason argued in his reply that "Plaintiff did not assert intentional torts, and thus Defendant Mason's actions cannot have been intentionally tortious, and because Defendant Mason acted in self-defense" which constitutes "new arguments." PL.'S MOT. TO FILE SURREPLY at 3 (Doc.147 #4817). But Plaintiff's argument is not well taken. Mason originally argued that Plaintiff's state-law claim is barred by O.R.C. § 2307.60(B)(2) on pages 33-37 of his motion for summary judgment. (Doc.136 #2882-86). Plaintiff argued against that point in her memorandum in opposition and specifically stated that "R.C. § 2307.60(B)(4) explains that it does not apply to 'intentionally tortious conduct…'" *Id.* at p. 30-32 (Doc.141 #3126-28). Mason then replied and presented his position that despite Plaintiff's argument regarding O.R.C. § 2307.60(B)(4), Plaintiff's state-law claim remains barred by O.R.C. § 2307.60(B)(2). REPLY at 14-15 (Doc.145 #4803-04).

Other than noting the applicable statute of limitations for an intentional tort in Ohio, no "new" law was mentioned and no new facts were added to the record. Plaintiff is simply attempting to have the last word on a defense motion. Her arguments do not constitute new grounds that would provide a proper basis to support leave to file a surreply. Accordingly, Plaintiff's motion must be denied.

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728)
Assistant City Attorney
City of Columbus, Department of Law
77 N. Front St., Columbus, OH 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on **April 29, 2021**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System:

/s/ Westley M. Phillips
Westley M. Phillips (0077728)