UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEARREA KING,**

    **Plaintiff,**

    v.

**CITY OF COLUMBUS,** *et al*,

    **Defendants.**

Case No. 2:18-cv-1060
JUDGE EDMUND A. SARGUS, JR.
Magistrate Elizabeth A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff Dearrea King's Motion for Certification of Interlocutory Appeal. (ECF No. 154). Plaintiff's motion concerns this Court's Opinion and Order that, in pertinent part, granted the City of Columbus summary judgment on Plaintiff's claim of municipal liability under 42 U.S.C. § 1983. (ECF No. 150). The other portion of that Opinion and Order, which denied qualified immunity to Defendant Mason, is being appealed by Defendant Mason at this time. (ECF Nos. 152, 153). For the reasons that follow, Plaintiff's motion for a certification of interlocutory appeal is **DENIED**.

28 U.S.C. § 1292(b) permits a district court to certify an interlocutory appeal of an order if the order: "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Through this statute, "Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals." *Turi v. Main Street Adoption Servs., LLP*, 633 F.3d 496, 504 (6th Cir. 2011), abrogated on other grounds by *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019). "Allowing for interlocutory appeal is generally disfavored and should be applied sparingly, in only exceptional cases." *DRFP, LLC v.*

*Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 917 (S.D. Ohio 2013); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Plaintiff seeks a certification of interlocutory appeal, asserting that this Court's grant of summary judgment on Plaintiff's municipal liability claim satisfies the three requirements of 28 U.S.C. § 1292(b). (Mot. at 2–3, ECF No. 154). Defendant City responds that Plaintiff's motion does not concern a controlling issue of law, and that there are not substantial grounds for difference of opinion. (Resp. at 3, ECF No. 156). Plaintiff replies more specifically by contending that this Court erred in its decision on Plaintiff's official policy and ratification theories of municipal liability. (Reply at 2–4, ECF No. 157).

In order to keep the record clear, and because Plaintiff's briefing amounts to a re-argument of that which she argued during the summary judgment phase of litigation, this Court will rely on its prior Opinion and Order, (ECF No. 150), as the basis for its reasoning here. Having reviewed and considered Plaintiff's briefing, the Court is not persuaded that there is substantial ground for difference of opinion on Plaintiff's articulated theories of liability. As such, Plaintiff's motion for a certification of interlocutory appeal is **DENIED**.

**IT IS SO ORDERED.**

<u>**9/2/2021**</u>                                                                 <u>s/Edmund A. Sargus, Jr.</u>
**DATED**                                                                          **EDMUND A. SARGUS, JR.**
                                                                                   **UNITED STATES DISTRICT JUDGE**