# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  July 19, 2022

Ms. Sarah Jeanette Gelsomino
Friedman, Gilbert & Gerhardstein
50 Public Square
Suite 1900
Cleveland, OH 44113

Ms. Jacqueline C. Greene
Ms. Mary Caroline Hyatt
Friedman, Gilbert & Gerhardstein
441 Vine Street
Suite 3400
Cincinnati, OH 45202

Mr. Westley Matthew Phillips
Columbus City Attorney's Office
77 N. Front Street
Fourth Floor
Columbus, OH 43215

> Re:  Case No. 21-3725, *Dearrea King v. City of Columbus, OH, et al*
> Originating Case No. : 2:18-cv-01060

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Mr. Richard W. Nagel

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0291n.06

No. 21-3725

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DEARREA KING, | ) | |
|     Plaintiff-Appellee, | ) | **FILED** |
| | ) | Jul 19, 2022 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| CITY OF COLUMBUS, OHIO, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
|     Defendant, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| BRYAN C. MASON, | ) | |
|     Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: NORRIS, SUHRHEINRICH, and CLAY, Circuit Judges.

**CLAY, Circuit Judge.** On September 14, 2016, Defendant Officer Bryan Mason ("Mason")—a police officer for Defendant City of Columbus (collectively "Defendants")—shot and killed Tyre King ("King") while responding to an armed robbery call. King's mother, Dearrea King ("Plaintiff") sued Defendants under 42 U.S.C. § 1983 alleging various constitutional violations. She also brought a state law wrongful death claim under Ohio Revised Code § 2125.01. Defendants separately moved for summary judgment on all claims. The district court granted the City of Columbus' motion for summary judgment but denied Mason's motion. *See King v. City of Columbus*, 18-cv-1060, 2021 WL 3367507, at *1 (S.D. Ohio Aug. 3, 2021). Mason timely appealed. For the reasons set forth below, we **DISMISS** Mason's appeal for lack of jurisdiction.

No. 21-3725, *Dearrea King v. City of Columbus, et al.*

## BACKGROUND

### I.    Factual Background

On September 14, 2016, two Columbus police officers, Defendant Bryan Mason and his partner, Robert Reffitt, responded to an armed robbery call.  The suspect was a black male wearing a dark hoodie and baggy pants.  Dispatch described the suspect as a "kid," and told the officers that the suspect was fleeing the scene on foot with a group of three other kids.  Another Columbus police cruiser had followed two of the suspects into an alley.  Seeing the other cruiser, Mason and Reffitt stopped their car about a block away; Mason got out of the car and headed down an alley on foot.  As Mason came up to another alley on his left, he saw two boys running towards him. The boys were later identified as 19-year-old Demetrius Braxton and 13-year-old Tyre King.  King was 5'2", he weighed 120 pounds, and he was wearing a light colored shirt.  Upon seeing the two boys running towards him, Mason raised his gun and shouted at them to get on the ground.  Braxton complied and got onto the ground with his hands above his head.  King did not.

What happened next is disputed.  According to Mason, he could immediately see the grip of a handgun tucked inside of King's front waistband.  Instead of getting on the ground, Mason claimed that King continued running and veered towards a car that was parked nearby.  King stopped when he was a few feet away from the car.  King then looked directly at Mason and "grabbed the grip of the handgun in his waistband and tugged on it."  (Mason Aff., R. 136-2, Page ID #2894.)  According to Mason, "King then pulled the gun out of his waistband and . . . raised it up in front of his torso" at which point Mason fired three shots at King.  (*Id.* at Page ID #2895.)

But according to an eyewitness on the scene, William Scott, King was turning away from Mason when Mason fired the shots.  Scott testified that King "was not reaching for no weapon. He was turning to run."  (Scott Dep., R. 130-1, Page ID #2244.)  Another eyewitness, Anna Skora,

No. 21-3725, *Dearrea King v. City of Columbus, et al.*

said that she never saw King with a gun and that King was trying to run away from Mason.  And Braxton, who witnessed the shooting after complying with Mason's order to get on the ground, said that Mason shot King while King was trying to run away.

Mason shot King three times.  King died shortly thereafter.  King's expert witness reviewed the autopsy and photos from the scene and concluded that King was facing and looking away from Mason when Mason first shot King in the head.  The expert also opined that there was "no physical evidence to demonstrate that [King] was holding a gun when he was shot by Officer Mason." (Bauer Rep., R. 141-19, Page ID #4657.)  Police recovered a BB gun under the front bumper of a nearby parked car after the shooting.

Immediately after shooting King, Mason began mumbling and cursing.  Braxton, who was still on the ground, heard Mason rambling about how Braxton and King should have stopped. According to Braxton, Mason said:  "Ya'll dumb.  Ya'll should have stopped.  You should have got down.  Ya'll so stupid.  Just a bunch of dumb [n***rs]."  (Braxton Dep., R. 127-1, Page ID #1616.)

## II.    **Procedural Background**

Plaintiff Dearrea King, Tyre King's mother, sued Mason and the City of Columbus in federal court.  She brought four claims under 42 U.S.C. § 1983:  an excessive force claim, a deliberate indifference claim, an equal protection claim, and a municipal liability claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).  She also brought a state law wrongful death claim under Ohio Revised Code § 2125.01.  Defendants moved for summary judgment on all claims.  The district court granted the City of Columbus' motion but denied Mason's motion after concluding that factual disputes precluded qualified immunity and

No. 21-3725, *Dearrea King v. City of Columbus, et al.*

state law immunity at the summary judgment stage. *See King*, 2021 WL 3367507, at *1, *4–*7.[1]

Mason appealed.

After Officer Mason filed his opening brief in this Court, Plaintiff moved to dismiss the appeal for lack of appellate jurisdiction. A separate panel of this Court declined to rule on the motion to dismiss before full merits briefing. Accordingly, the motion to dismiss remains pending.

## DISCUSSION

Mason filed this interlocutory appeal from the district court's order denying his motion for summary judgment. *See King*, 2021 WL 3367507, at *4–*7. Before we can address the merits of the appeal, we must first take up Plaintiff's motion to dismiss for lack of jurisdiction. "Unlike our practice with respect to most interlocutory appeals, we have jurisdiction to hear interlocutory appeals by government officials challenging a denial of qualified immunity." *Coffey v. Carroll*, 933 F.3d 577, 583 (6th Cir. 2019) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985)). In such cases, however, our jurisdiction extends only to questions of law, not fact. *Id.*; *see also Moldowan v. City of Warren*, 578 F.3d 351, 369 (6th Cir. 2009) ("In considering the denial of a defendant's claim of qualified immunity . . . our jurisdiction is limited to resolving pure questions of law." (citing *Mitchell*, 472 U.S. at 530)).

"In this circuit, it is well established that, for appellate jurisdiction to lie over an interlocutory appeal, a defendant seeking qualified immunity must be willing to concede to the facts as alleged by the plaintiff and discuss only the legal issues raised by the case." *Sheets v. Mullins*, 287 F.3d 581, 585 (6th Cir.2002); *see also Moldowan*, 578 F.3d at 370 ("[T]he defendant must . . . be willing to concede the most favorable view of the facts to the plaintiff for purposes of

---

[1] Plaintiff voluntarily dismissed her deliberate indifference claim against Mason. *See King*, 2021 WL 3367507, at *8.

No. 21-3725, *Dearrea King v. City of Columbus, et al.*

the appeal." (quoting *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998))).  Our jurisdiction therefore depends on the nature of the defendant's arguments on appeal.  "Once a defendant's argument drifts from the purely legal into the factual realm and begins contesting what really happened, our jurisdiction ends and the case should proceed to trial." *Berryman*, 150 F.3d at 564. "We have consistently enforced [this] jurisdictional bar in cases in which the defendant's qualified immunity appeal is based solely on his or her disagreement with the plaintiff's facts." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 277 (6th Cir. 2020) (citing *Adams v. Blount Cnty.*, 946 F.3d 940, 951 (6th Cir. 2020); *McGrew v. Duncan*, 937 F.3d 664, 669–70 (6th Cir. 2019); *Barry v. O'Grady*, 895 F.3d 440, 445 (6th Cir. 2018)).  Because Mason's arguments take issue with Plaintiff's version of the facts in this case, this Court lacks jurisdiction over his appeal.

We begin with the excessive force claim.  Mason's arguments in support of qualified immunity as to this claim boil down to factual disagreements.  While many key facts are undisputed, the record includes conflicting evidence about what King was doing in the moments just before Mason shot him.  Mason argues that the record only supports two possible scenarios, and that he is entitled to qualified immunity as a matter of law under either version of events. According to Mason, he shot King after King either: "(1) [King] pulled his gun from his waistband as described by Mason and Reffitt; or (2) [King] was turning with his 'hand in his waistband as if he was holding a gun'" as described by Scott.  (Def. Br. at 33.)  But there are other versions of events that are more favorable to Plaintiff.  Admittedly, at one point, Scott said that King "had one hand in his crotch, the other hand in his waistband as if he was holding a gun . . . in his pants." (Scott Dep., R. 130-1, Page ID #2133.)  But later in his deposition he said, in no uncertain terms, that King never reached for a weapon and that King was "turning to run" when Mason shot him. (*Id.* at Page ID #2244.)  At least one other eyewitness said that she never saw King with a gun and

- 5 -

No. 21-3725, *Dearrea King v. City of Columbus, et al.*

that King was trying to run away from Mason.  And Braxton said that Mason shot King while King was trying to run away.

As the district court noted, "Mason's argument ignores that [Plaintiff's] primary theory of the case is that Tyre King did not reach for the gun at all."  *King*, 2021 WL 3367507, at *7.  By urging this Court to ignore evidence indicating that King did not have, and never reached for, a weapon, Mason fails "to concede the most favorable view of the facts to the plaintiff for purposes of the appeal."  *Moldowan*, 578 F.3d at 370 (quoting *Berryman*, 150 F.3d at 563); *see also Howlett v. City of Warren*, 852 F. App'x 899, 901 (6th Cir. 2021) ("A summary judgment order that 'determines only a question of "evidence sufficiency," *i.e.*, which facts a party may, or may not, be able to prove at trial,' is not appealable." (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995))).

The closest Mason comes to raising a legal question on appeal is his contention that "the district court's ruling hinges on legal errors as to the materiality of facts."  (Def. Opp'n to Pl. Mot. to Dismiss, Dkt. No. 21 at 6.)  But Mason does not identify which facts he believes are immaterial. Ultimately Mason argues that the district court "erred when it denied . . . qualified immunity based on Scott's testimony" that King was not reaching for a weapon and that he was turning to run away.  (Def. Br. at 31.)  But Mason does not argue that this fact, if true, would be immaterial.  To the extent that Mason suggests that Scott's contradictory testimony is somehow immaterial, that argument is entirely without merit.  King's stance and movements in the moments before the shooting are material facts.  Indeed, the qualified immunity analysis often boils down to these kinds of facts.  *See, e.g.*, *Bouggess v. Mattingly*, 482 F.3d 886, 896 (6th Cir. 2007); *David v. City of Bellevue*, 706 F. App'x 847, 851 (6th Cir. 2017).  Likewise, Mason does not argue that, if King had not been reaching for his waistband, and if he had been turning to run away, then his use of lethal force would *nonetheless* be reasonable.  We would have jurisdiction over that narrow legal

- 6 -

No. 21-3725, *Dearrea King v. City of Columbus, et al.*

question.  *See Berryman*, 150 F.3d at 563.  However, rather than making this legal argument, Mason tries to relitigate what happened that day.  We lack jurisdiction to entertain such arguments.[2]  *See McKinney v. Lexington-Fayette Urban Cnty. Gov't*, 651 F. App'x 449, 458 (6th Cir. 2016).

Mason's arguments against Plaintiff's equal protection claim fare no better.  The starting point for Mason's equal protection arguments is that his "use of force was objectively reasonable." (Def. Br. at 41–42.)  According to Mason, King must provide additional evidence of discriminatory effect because Mason acted lawfully when he shot King (*i.e.*, he did not use excessive force). Mason admits that this legal argument is only relevant if his use of lethal force was constitutional under the Fourth Amendment.  (*See* Def. Br. at 41–42 ("But as discussed above, Mason's use of deadly force was objectively reasonable, and thus lawful.  Accordingly, the District Court should have performed a selective enforcement analysis.").)

Mason's defense against Plaintiff's equal protection claim thus rises and falls on the same factual issues as the excessive force claim.  Moreover, Mason continues to challenge Plaintiff's version of the facts that are specific to the equal protection claim.  In his brief, Mason "denies Braxton's allegation" concerning Mason's use of a racial epithet "in the strongest possible terms." (Def. Br. at 42 n.4.)  We lack jurisdiction over those factual disagreements in an interlocutory appeal from an order denying qualified immunity.  *Moldowan*, 578 F.3d at 370.  Because all of

---

[2] For the same reasons, we lack jurisdiction over Mason's state law immunity arguments. *See Carter v. City of Wyoming*, 294 F. App'x 990, 993 (6th Cir. 2008).  Mason's only argument for state law immunity is that "[t]he same facts that support the reasonableness of Mason's conduct also support [state law immunity] under [Ohio Revised Code] § 2744.03(A)(6)(b)."  (Def. Br. at 46–47 (citing *Pollard v. City of Columbus*, 780 F.3d 395, 404 (6th Cir. 2015)).)  Because Mason continues to contest Plaintiff's version of the facts surrounding the shooting, we lack jurisdiction over the interlocutory appeal denying Mason's request for state law immunity.  *See Moldowan*, 578 F.3d at 398.

No. 21-3725, *Dearrea King v. City of Columbus, et al.*

Mason's arguments spring from underlying factual disputes, this Court lacks jurisdiction over the appeal.

## CONCLUSION

For these reasons, we **DISMISS** the appeal for lack of jurisdiction.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-3725

DEARREA KING,

     Plaintiff - Appellee,

     v.

CITY OF COLUMBUS, OHIO,

     Defendant,

BRYAN C. MASON,

     Defendant - Appellant.

```
┌─────────────────────────────┐
│           FILED             │
│        Jul 19, 2022         │
│   DEBORAH S. HUNT, Clerk    │
└─────────────────────────────┘
```

Before: NORRIS, SUHRHEINRICH, and CLAY, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the appeal is DISMISSED for lack of jurisdiction.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk