IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEARREA KING,**

    **Plaintiff,**

                              Civil Action 2:18-cv-1060
                              Judge Edmund A. Sargus, Jr.
    v.                            Magistrate Judge Elizabeth P. Deavers

**CITY OF COLUMBUS, OHIO,** *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Defendant's Motion for Leave to File Unredacted Deposition Under Seal, ECF No. 182, and Defendant's Motion for Leave to File Unredacted Deposition Under Seal, ECF No. 183. Defendant Bryan Mason seeks leave to file under seal the unredacted deposition transcripts of Akilah Bulger and Demetrious Braxton, arguing that they "include[] sensitive information such as discussion of sexual abuse of a minor." (ECF Nos. 182-183.) Defendant Bryan Mason also notes that deponent Akilah Bulger was a minor at the time of her deposition. (ECF No. 182.)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the

"strong presumption in favor of openness").  Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).  The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305).  Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305).

Here, Defendant Bryan Mason moves to file certain redacted deposition transcripts under seal given the sensitive nature of the deposition testimony, which includes discussions of sexual abuse of a minor.  (ECF Nos. 182-183.)  The Court finds that Defendant Mason has set forth compelling reasons to file under seal the unredacted deposition transcripts of Akilah Bulger and Demetrious Braxton.

Accordingly, for good cause shown, Defendant's Motion for Leave to File Unredacted Deposition Under Seal, ECF No. 182, and Defendant's Motion for Leave to File Unredacted Deposition Under Seal, ECF No. 183, are **GRANTED**. Defendant Bryan Mason is hereby **GRANTED LEAVE TO FILE UNDER SEAL** the unredacted deposition transcripts of Akilah Bulger and Demetrious Braxton.

**IT IS SO ORDERED.**

Date: December 12, 2022   /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE