IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEARREA KING**, Administrator of the Estate of **Tyre King**, Plaintiff, -vs- **CITY OF COLUMBUS, et al.**, Defendants. | CASE NO. 2:18-cv-1060<br><br>JUDGE EDMUND A. SARGUS, JR.<br><br>CHIEF MAGISTRATE JUDGE ELIZABETH P. DEAVERS<br><br>**PLAINTIFF'S COMBINED MOTIONS IN LIMINE** |

Plaintiff submits these combined motions in limine to bar inadmissible evidence and testimony for the reasons set forth below.

**MEMORANUM IN SUPPORT**

**I.     The Court should Exclude the Expert Testimony and Reports of Thomas Paige and Matthew Noedel.**

The party offering expert testimony bears the burden of proving its admissibility by a preponderance of the evidence. *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 592 & n.10 (1993). Rule 702 requires: (1) the witness must be qualified by "knowledge, skill, experience, training, or education;" (2) the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue"; (3) the testimony must be reliable. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-529 (6th Cir. 2008).

<u>The Court should exclude Thomas Paige's testimony, or alternatively, some of it.</u>

Because Thomas Paige's opinions exceed the scope of his expertise, his opinions will not assist the trier of fact and his opinions invade the province of the jury, so the Court should exclude Paige's report and testimony. While expert opinion testimony that an officer's actions "violated *nationally recognized* police standards governing excessive force" is admissible, *Champion v.*

1

*Outlook Nashville, Inc.*, 380 F.3d 893, 908 (6th Cir. 2004), Paige is not qualified to offer such opinions because he has not demonstrated that he has any specialized knowledge in nationally recognized police standards. Ex. 1, Paige CV, p. 1-3. While Paige has been employed for many years as a police officer and instructor, the entirety of his law enforcement experience has been with the City of Columbus Division of Police. Because he is not qualified to opine on national standards, he is not qualified to render the opinions from his report.

Paige also renders specific opinions that exceed the scope of his expertise. He opined that Mason was "mathematically at risk of being shot" despite lacking any expertise in probability and statistics. Ex. 2, Paige Report, p. 10. He also relied on the widely discredited work of William Lewinski, *see* Tucker Depo., Doc. 128-1, PID#1897, to opine on human perception and response time, despite lacking any expertise in neuroscience. *Id.*, p. 10, 12. He also referenced the work of a sociologist, to apparently opine that Tyre had "become inured to violence and perhaps, death itself," despite lacking any expertise in sociology. *Id.*, p. 12. Paige is not qualified to render any of these opinions, and accordingly, they must be excluded.

Further, the use of Paige instead of an actual police practices expert is a thinly veiled attempt to present Defendant Mason's version of the facts and justifications for his use of force with the veneer of credibility and objectivity that comes with expert testimony. But Paige is not credible or objective. Rather, Paige is a City of Columbus employee and unable to render an objective opinion on his coworker's use of deadly force. While Paige asserts that he has "no financial interest or employment interest in the outcome" of the case, this is contradicted by his admission that he prepared his report "as part of the regular duties of my employment with the City." Ex. 2, p. 16. He has an obvious interest in preparing a report that his employer will approve of. The Sixth Circuit has held that "permitting police officers to testify as expert in their own

investigations and give opinion testimony… threatens the fairness, integrity, and public reputation of judicial proceedings" because of the "possible law enforcement bias." *U.S. v. Lopez-Medina*, 461 F.3d 724, 744-745 (6th Cir. 2006). For the same reasons, permitting Paige to give opinion testimony about his own coworker[1] would threaten the fairness and integrity of this proceeding. For this reason as well, Paige's report and testimony must be excluded.

In addition, his opinion that Mason's conduct "was objectively reasonable" improperly invades the province of the jury because it is an impermissible legal conclusion. Ex. 2, p. 14. The Sixth Circuit has stated that expert opinion testimony which merely expresses a legal conclusion as to whether an officer's use of force was "objectively unreasonable" is properly excluded because objective reasonableness "is the precise legal standard" to be used. *DeMerrell v. City of Cheboygan*, 206 F.App'x 418 (6th Cir. 2006), citing *Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994). Paige not only offers a legal conclusion disguised as an expert opinion, but he does so by ignoring the presence of key disputes of fact as to whether or not Tyre King was holding or raising a weapon at the time. "[A]n opinion based on defendants' version of the facts that an officer at all times used reasonable force 'clearly invades the province of the jury because it intrudes upon the jury's ultimate role to apply the reasonableness standard to the facts as they find them to be'." *Browning v. Harper*, No. 2:00-0619, 2003 WL 25674797, *1 (S.D. W.Va. June 3, 2003), citing *Lockman v. Perdue*, No. 2:98-1187 (S.D. W.Va. April 17, 2000). As a result, Paige's opinions are merely a mouthpiece for Mason to justify his unreasonable use of deadly force and impermissibly bolsters Mason's credibility and must be excluded for this reason as well.

Lastly, Paige's report utilizes news stories designed to inflame fear of hypothetical risks

---

[1] Notably, Paige himself has been the subject of an excessive force claim that survived summary judgment, further calling into question the reliability of his opinions on the permissible use of force. *See Philipps v. Stevens*, No. 2:04-cv-207, 2007 WL 2359758 (S.D. Ohio August 16, 2007) (denying summary judgment on excessive force claim).

3

not present in this case, rather than to help the jury determine any issues before them. He references the shooting of two persons by a 13-year-old, despite the fact that Tyre never shot anyone, nor even aimed at weapon at anyone, and he also references an infamous FBI shootout (known as one of the most violent episodes in the history of the FBI), involving serial bank robbers who had already more than demonstrated their willingness to engage in violence, having committed multiple robberies of banks and of an armored truck, having already shot security guards, and having already murdered a man to steal his vehicle. Ex. 2, p. 11-12. Because these examples have nothing in common with the facts of this case, they do not assist the trier of fact to understand the evidence or to determine a fact in issue, but instead serve only to inflame sentiments of fear and prejudice toward King, and must be excluded.

<u>The Court should exclude Matt Noedel's testimony, or alternatively, some of it.</u>

Likewise, the report and expert testimony of Matthew Noedel should be excluded because his opinions will not assist the trier of fact and invade the province of the jury. Noedel's expertise is in providing scene reconstruction. Ex. 3, Noedel CV. However, the primary opinion he offers is that it "is not possible to determine that the pistol was a replica" and not a real firearm "without direct, up close inspection of the pistol." Ex. 4, Noedel Report, p. 6. This opinion must be excluded because an expert's opinions are not helpful to the jury when they address matters that are "equally within the competence of the jurors to understand and decide, and thus [are] inadmissible under Fed. R. Evid. 701 and 702." *U.S. v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013), citing *McGowan v. Cooper Indus., Inc.*, 863 F.2d 1266, 1272 (6th Cir. 1988). The jurors can see the pistol for themselves and are competent to decide whether the pistol looked like a real firearm. Expert testimony regarding the similarity of the BB pistol and a real firearm must be excluded.

Similarly, Noedel's opinion that the evidence "supports that King did possess a replica BB

4

pistol during this event" is unhelpful to the jury and should be excluded. Ex. 4, p. 6. While sometimes there is sufficient physical evidence for a scene reconstructionist to opine, for example, as to whether someone was holding an object or what position they were in at a particular moment, that is not the case here, and Noedel does not opine that Tyre King was holding the pistol at a particular point in time, or that he ever raised the pistol. Instead, he merely opines that Tyre "possessed" it "during this event." *Id*. Expert testimony that Tyre merely "possessed" the pistol at some point during the event is unhelpful when the jury is fully competent to hear the evidence of the eyewitnesses regarding Tyre's possession of the pistol, and whether or not he was holding it or raising it. It is also unhelpful because it does not aid the jury in the resolution of any fact in issue. Thus, this opinion and any testimony to that effect should be excluded as well.

Further, Noedel's opinions that Tyre King's body position "can change" and that an officer "can deliver three shots on target in less than a second" are speculative and should be excluded. Ex. 4, p. 6. These opinions, that certain facts were merely possible, do not meet the requisite level of certainty for an expert opinion and must be excluded. While the use of "can" does not *necessarily* render an expert's opinion speculative, the court must assess the opinion as a whole, *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 546 F.Supp.3d 666, 673 (S.D. Ohio 2021), and it is clear that these opinions, that certain events were merely possible, do not help the jury in the resolution of any fact in issue and must be excluded.

Finally, Noedel's reconstruction images should be excluded as prejudicial. Ex. 4, p. 12, 22. While Tyre King was a 13-year old boy, who was 5'2" and only 120 pounds, the figure in Noedel's images, of a muscular adult who appears to be in the range of 35 to 45 years old, misrepresents the facts of the case and prejudices Plaintiff. These images are likely to cause the jury to perceive any threat posed by Tyre as being greater than it was. These images should be excluded as prejudicial.

5

## II. The Court Should Exclude Non-Expert Opinion Testimony.

Whether or not the Court excludes the testimony of Defendant's two expert witnesses, the Court should exclude non-expert opinion testimony because it is inadmissible. This includes the CIRT opinion that Mason's use of force was justified. Failure to identify opinion witnesses under Fed. R. Civ. P. 26(a)(2) necessarily results in those witnesses being excluded from testifying as opinion witnesses at trial. *See* Fed. R. Civ. P. 37. In fact, Fed. R. Evid. 701 was amended to emphasize that lay opinion testimony is limited to those observations of a lay witness that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Conn*, 297 F.3d 548, 553 (7th Cir. 2002). The amendment was designed to avoid this very situation—to prevent parties from "proffering an expert in lay witness clothing." *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Intern., Inc.*, 533 F.3d 555, 561 (7th Cir. 2008), quoting Fed. R. Evid. 701 (advisory committee notes). Thus, while witnesses may be called to provide fact testimony about which they have personal knowledge, opinions offered by a lay witness would circumvent the rules of expert witness disclosure. The Court should exclude the CIRT opinion on use of force.

## III. The Court Should Exclude Evidence of Past Crimes, Wrongs, or Bad Acts of Witnesses.

No prior conviction or police or child services encounter of any witness or beneficiary in this case is relevant to the issues before the jury and the admission of such evidence would prejudice Plaintiff. Under Fed. R. Evid. 609 prior convictions cannot be used to prove any character trait other than truth-telling. Even for this purpose, Court should only admit prior convictions for crimes of dishonesty or recent felonies that are more probative than prejudicial. *Id.* Likewise, under Fed. R. Evid. 404(b), propensity evidence is inadmissible and past acts may only be introduced to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or

6

absence of mistake or accident." Here, parading prior convictions, arrests, or police encounters before the jury serves no legitimate purpose concerning any witness's credibility with respect to whether Defendant Mason used excessive force against a 13-year-old boy. Nor does such evidence with respect to any witness or Tyre King fall into any 404(b) exception. Moreover, such evidence lacks probative value (*see* Fed. R. Evid. 402) and would be prejudicial and inflammatory (Fed. R. Evid. 403).

Here, the Court should exclude evidence of prior convictions, arrests, or police and child services encounters of all witnesses and related to Tyre King, because such evidence is irrelevant, highly prejudicial, and not admissible under any exception in the evidence rules. *First,* Demetrius Braxton is currently serving a three-year sentence for a third-degree felony robbery conviction unrelated to the robbery Defendant Mason was responding to here. Braxton's prior robbery conviction cannot help the jury evaluate his truthfulness or credibility. Further, under Rule 403, any marginal probative value of this conviction "is substantially outweighed by the unfair prejudice of … suggesting to the jury that [the witness] is an evil man who does not deserve consideration." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (citation omitted). The fact of Braxton's unrelated conviction, and specifically the details regarding that conviction including 911 calls or other graphic prior evidence, would vilify him to jurors without assisting them in their real task. *Second,* any prior criminal history of witness William Scott is inadmissible for the same reasons. *Finally,* evidence of any prior crime or bad act of Tyre King himself, including misconduct at school or prior involvement with police or child protective services, would be more prejudicial than probative and would not serve a permissible purpose under Rules 609, 404, or 401. On the contrary, such evidence is irrelevant to the issues here but would smear the memory of a dead child.

If the Court finds that any prior conviction, arrest, or police encounter *is* admissible then evidence of prior convictions should be no more detailed than is necessary to impeach credibility. Under Rule 609, convictions specifically involving dishonesty or false statements are admissible for impeachment purposes when they are particularly probative of credibility. Whether a crime involved dishonesty or false statement is a factual determination for the Court. In defining the phrase "dishonesty and false statement," the Conference Report on the Federal Rules stated, "[T]he Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Conference Report on the Federal Rules at Fed. E. Evid. 609(a). *See e.g. Baskin v. Pepsi MidAmerica Co.*, No. 5:13–CV–00030, 2015 WL 363906, *1 (W.D. Ky. Jan. 27, 2015) (excluding burglary conviction because it does not involve element of dishonesty or false statement); *U.S. v. McIntosh*, No. 4:CR 03 0298, 2006 WL 293224, *13 (M.D. Pa. Feb. 7, 2006) (excluding drug offenses and child endangerment charge). Here, no prior convictions of any witness is for a crime involving dishonesty, but should the Court decide differently, the Court should confine the admission of any evidence to only that necessary to meet Rule 609(a)'s credibility goal.

For these reasons, the Court should exclude evidence of any past crimes, wrongs, or alleged bad acts of Tyre King or any witness called at trial. Should the Court admit any such evidence, it should be for the most limited purpose available under the Rules.

    **IV.   The Court Should Exclude Other Irrelevant Evidence.**
       **A.  Facts Not Known to Defendant Mason at the Time of the Shooting.**

In Fourth Amendment cases involving jury determinations on the reasonableness of an officer's use of force, the Court should exclude information that officers did not know or rely on

8

at the time of the at-issue events. As the Supreme Court noted in *Graham v Connor*, 490 U.S. 386, 396 (1989), police officer responses are not evaluated with the benefit of 20/20 hindsight, but, rather, solely upon the particular facts and circumstances confronting the officer at the time of the event. As such, the reasonableness of Defendant Mason's conduct permits consideration of "only the facts the officers knew at the time of the alleged Fourth Amendment violation." *Dickerson v. McClellan*, 101 F.3d 1151, FN3 (6th Cir. 1996). Therefore, all information not known to Defendant Mason at the time of the shooting should be excluded from evidence, testimony, argument, and intimation at trial. This requires the complete exclusion of testimony from Michael Ames, the man who had been robbed, testimony from any witness about the stolen car and the robbery beyond what Defendant Mason heard on police dispatch audio.

### B. Police Awards and Commendations.

The admissibility of police awards and commendations was carefully analyzed in *United States v Brown*, 503 F. Supp. 2d 239 (DDC 2007) in which the defendants, police officers, were charged with obstruction and making false statements. The court ruled that commendations were neither opinion nor reputation and therefore inadmissible. *See also United States v Barry*, 814 F.2d 1400 (9th Cir. 1987) (commendations excluded); *United States v Nazzaro*, 889 F.2d 1158 (1st Cir. 1989) (same); *United States v Washington*, 106 F.3d 983 (D.C. Cir. 1997), (same).

### C. Dismissed Claims.

The fact that a grand jury failed to indict Defendant Mason on criminal charges and the existence of the dismissed *Monell* claim are irrelevant and serve no admissible purpose. This trial solely concerns the claims arising out of Defendant Mason's actions when he shot and killed 13-year-old Tyre King, and all evidence, testimony, argument, or innuendo concerning any other claims and defendants is inadmissible. The potential for unfair prejudice and confusion to the jury far outweigh any slight probative value evidence about the existence of such claims might have.

*Crabbs v. Pitts*, No. 2:16-cv-0387, 2018 WL 5262397, at *10 (S.D. Ohio Oct. 23, 2018); *see also, Moore v. Bannon*, No. 10-12801, 2012 WL 2154274, at *7 (E.D. Mich. June 13, 2012) ("[M]otions in limine should be granted under these circumstances because such evidence has little to do with establishing credibility, and is of little probative value, but instead 'carries significant risk of undue delay and waste of time'"), quoting *L'Etoile v. New England Finish Systems Inc.*, 575 F. Supp. 2d 331, 340 (D.N.H. 2008).

### D. Financial Liability.

Pursuant to Ohio Rev. Code § 2744.07(A)(2), the City of Columbus is obligated "to indemnify and hold harmless an employee in the amount of any judgment … that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function." Therefore, should Defendant Mason be found liable in this case, he will be entitled to indemnification from the City of Columbus. Thus, evidence concerning Defendant Mason's personal financial liability, financial insolvency, or poverty serves no purpose other than to engender sympathy, to confuse and mislead the jury, and to prejudice the jury against finding for Plaintiff.

Further, direct statements or implications that any recovery would come out of taxpayer monies should be excluded from evidence much in the same way that Fed. R. Evid. 411 excludes evidence of liability insurance. Appeal to taxpayer self-interest, either in the form of saving taxpayer dollars or appeals to concerns about reduction in services are generally held to be improper. *See, e.g. DuJardin vs. City of Oxnard*, 38 Cal.App. 4th 174, 45 Cal. Rptr. 2d 48 (1995) (Argument re: allocation of responsibility to public entities and effect on public services that will disappear was improper); *City of Springfield v. Thompson Sales Co.*, 71 S.W. 3d 597 (Mo. S.Ct., 2002) (comments that improperly appealed to jurors' pocketbooks were prejudicial).

## CONCLUSION

For all of the above reasons, this Court must bar inadmissible evidence and testimony.

                        Respectfully submitted,

                        */s/ M. Caroline Hyatt*
                        Sarah Gelsomino (0084340)
                        Marcus Sidoti (0077476)
                        FRIEDMAN, GILBERT + GERHARDSTEIN
                        50 Public Square, Suite 1900
                        Cleveland, OH 44113-2205
                        T: 216-241-1430
                        F: 216-621-0427
                        sarah@FGGfirm.com
                        marcus@FGGfirm.com

                        Jacqueline Greene (0092733)
                        M. Caroline Hyatt (0093323)
                        FRIEDMAN, GILBERT + GERHARDSTEIN
                        35 East 7th Street, Suite 201
                        Cincinnati, Ohio 45202
                        T: 513-572-4200
                        F: 216-621-0427
                        jacqueline@FGGfirm.com
                        caroline@FGGfirm.com

                        Sean L. Walton (0088401)
                        Chanda L. Brown (0081076)
                        Walton + Brown, LLP
                        395 E. Broad Street, Suite 200
                        Columbus, Ohio 43215
                        T: (614) 636-3476
                        F: (614) 636-3453
                        swalton@waltonbrownlaw.com
                        cbrown@waltonbrownlaw.com

                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ M. Caroline Hyatt*
*One of the Attorneys for Plaintiff*
