UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEARREA KING,

      Plaintiff,

                                Case No. 2:18-cv-1060
     v.                         Judge Edmund A. Sargus, Jr.
                                Magistrate Judge Elizabeth Preston Deavers

CITY OF COLUMBUS, OHIO, et al.,

      Defendants.

**OPINION AND ORDER**

This matter arises on Plaintiff's Motion to Bifurcate Punitive Damages. (ECF No. 211). For the reasons stated herein, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Bifurcate.

**A. Procedural Background**

Plaintiff Dearrea King, the Administrator of the Estate of Tyre King, brought a complaint against Bryan C. Mason, amongst others, on September 14, 2018. (ECF No. 1). Defendant Mason moved for summary judgment on February 18, 2021. After briefing, Defendant's motion was denied. (ECF No. 150). This Court set a trial date for January 17, 2023. (ECF No. 166).

Plaintiff filed the instant Motion to Bifurcate Punitive Damages on January 5, 2023. (ECF No. 211). No response was docketed.

**B. Standard**

Federal Rule of Civil Procedure 42(b) governs the analysis of a bifurcation motion. The Court has full discretion to bifurcate claims "for convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). Whether or not bifurcation is warranted depends "on

the facts and circumstances of each case." *Id*.; *see also Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996).

Generally, those who move for bifurcation bear the burden "of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Woods v. State Farm Fire & Casu. Co.*, No. 2:09-CV-482, 2010 WL 1032018, at *1 (S.D. Ohio 2010); *accord Bonasera v. New River Electrical Corp.*, 518 F. Supp. 3d 1136, 1149 (S.D. Ohio 2021) (citations omitted). And while the bifurcation-and-stay decision is, ultimately, a matter of discretion, courts typically consider how the maneuver could impact each party's respective interests, while also accounting for its desire to fairly and efficiently resolve the issues raised. *See Woods*, 2010 WL 1032018 at *3.

### C. Analysis

Plaintiff asks the Court to "exclude evidence related only to punitive damages from the liability phase of trial." (ECF No. 211, Page 1). Defendant has voiced no objection to this request. Additionally, such an exclusion will reduce juror confusion and eliminate potential prejudice that may result from the jurors hearing punitive damage evidence that is irrelevant to liability. The Court will exclude evidence related *only* to punitive damages from the liability phase of trial.

Plaintiff asserts bifurcation of the punitive damages stage is warranted because "[p]resentation of evidence and argument regarding punitive damages during the liability and compensatory stage of the trial is likely to confuse the jury and may cause prejudice to the jury's consideration of liability or compensatory damages." (ECF No. 211, Page 2). Plaintiff also maintains "[b]ifurcation will also serve the interests of convenience and judicial economy." (*Id*.). While Plaintiff has titled their motion, "PLAINTIFF'S MOTION TO BIFURCATE

2

PUNITIVE DAMAGES," the actual result of their motion, if granted, would be a trifurcation of the trial. One stage for liability and compensation, and two for punitive damages. Defendant, as expressed during the January 6, 2023, Final Pretrial Conference, opposes trifurcation.

The Court agrees with Defendant. There is little risk of confusion and prejudice to the jury in maintaining only one punitive damages stage here. The relevant standards are distinct and easily differentiated. A reasonable jury should have no issue keeping them apart. Additionally, any prejudice that could result can be easily alleviated with a limiting instruction. While Plaintiff is correct that "[b]ifurcation is an appropriate solution in cases where evidence related to punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages," the issue here is a bifurcation of only the punitive damages stage. (ECF No. 211, Page 2) (citing *McKiver v. Murphy-Brown*, LLC, 980 F.3d 937, 974 (4th Cir. 2020)). Thus, a denial of Plaintiff's motion will not result in any additional prejudice to the jury's consideration of liability or compensatory damages.

Further, the Court is not convinced that bifurcation will serve "the interests of convenience and judicial economy." (ECF No. 211, Page 3). While Plaintiff is correct that "[i]f the jury determines that no liability exists, there is no need to consider evidence related to punitive damages," the time saved by such a bifurcation will be minimal. "[B]ifurcation has the potential to economize proceedings," but that potential would likely be unrealized in this case. *Tankesly v. Orton*, 2018 WL 4953231, *9 (Oct. 11, 2018). At the very most, bifurcation here may save a few hours. The Court finds that bifurcation is not warranted on judicial economy grounds.

Finally, while bifurcation is required in Ohio state courts upon a party's request, "in suits involving claims for compensatory and punitive damages," the same is not true in federal court.

*Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 242-243 (2012).  This Court decided a similar issue in *Bonasera v. New River Elec. Corp*.  There, the Court noted that:

"Under the Erie doctrine, a federal court sitting in diversity applies "the substantive law of the forum state and federal procedural law." Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 374 (6th Cir. 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). When a Federal Rule of Civil Procedure is in "direct collision" with state law, the Federal Rule controls if its scope is "sufficiently broad to control the issue before the Court."  *Walker v. Armco Steel Corp*., 446 U.S. 740, 749, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) (citing *Hanna v. Plumer*, 380 U.S. 460, 470, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)).

*Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136 (S.D. Ohio 2021)

Here, state law is in direct collision with Fed. R. Civ. P. 42(b).  That rule state that a court *may* order bifurcation.  This is discretionary, as opposed to Ohio's statute, which is mandatory.  As Rule 42(b) is a valid procedural rule, it should control the "bifurcation analysis in federal court despite the conflicting Ohio law."  (*Id*., at 1151)

There is only one added wrinkle.  The Ohio Supreme Court has interpreted the state's bifurcation statute as substantive, not procedural.  However, "[j]ust because the Ohio Supreme Court has interpreted this statute to provide a substantive right to bifurcation does not mean that a federal court is bound by the characterization. A state's characterization of its own rule as substantive instead of procedural must yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court." (*Id*.) (internal quotations omitted) (citing *Patel Family Tr.*, 2012 WL 2883726, at *2) (citation omitted).  Thus, the Court is not beholden to Ohio's bifurcation statute.

**D.  Conclusion**

The Court is not persuaded that bifurcating the punitive damages stage would be appropriate.  The Court will bifurcate this trial, not trifurcate it.  "As a matter of standard trial

procedure, this Court will bifurcate evidence admissible only for purposes of punitive damages from the compensatory damages phase*." Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1152 (S.D. Ohio 2021).  "In the first phase, the jurors will hear all evidence, except for evidence only admissible for determining punitive damages. If the jurors find [Mason] liable and indicate by interrogatory that the standard for punitive damages has been met, the trial will proceed to the second phase. In the second phase, the jurors will be permitted to hear evidence that is admissible only as to punitive damages, such as [Mason] financial condition.  (*Id.*).  For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Bifurcate Punitive Damages.  (ECF No. 211).  This case is to remain open.

IT IS SO ORDERED.


<u>1/13/2023</u>                                             <u>s/Edmund A. Sargus, Jr.</u>
DATE                                                        EDMUND A. SARGUS, JR.
                                                            UNITED STATES DISTRICT JUDGE